FORREST *v.* BENSON.

Opinion delivered October 10, 1921.

1. REPLEVIN—SUFFICIENCY OF EVIDENCE.—In replevin to recover an automobile, evidence *held* legally sufficient to justify the submission of the question whether or not plaintiff was the owner.

2. PROPERTY—PRESUMPTION FROM POSSESSION AND BURDEN OF PROOF.—Possession of personal property is only *prima facie* evidence of title which yields to the actual title when it is asserted, and the buyer who trusts to appearances must suffer the loss if they prove delusive.

3. REPLEVIN—INSTRUCTION.—In an action to recover an automobile it was error to submit to the jury whether plaintiff "permitted the property to be disposed of to an innocent purchaser under such circumstances as would lead an ordinarily prudent person to believe that the property was rightfully sold," where there was no proof of any such misleading circumstances.

4. ESTOPPEL—PERMITTING ANOTHER TO TAKE OUT LICENSE ON AUTOMOBILE.—The fact that the owner permitted one to whom he had loaned his automobile to take out license in his own name will not estop him to claim the car as against one purchasing from the lendee without knowledge of such fact.

Appeal from Pulaski Circuit Court; *Guy Fulk,* Judge; reversed.

*Floyd Terral* and *J. C. Marshall,* for appellant.

Mere possession of personal property belonging to another is not a sufficient badge of ownership or right of disposition in the possessor to enable him to confer title

on an innocent purchaser. 25 L. R. A. (N. S.) 760, note; 25 Am. Dec. 604, note; 62 Ark. 84; 20 Wend. 278. An estoppel cannot be created by merely intrusting possession of personal property to another. 54 Minn. 71. Possession by a bailee of personal property of the bailor does not confer colorable authority upon the bailee to sell or work an estoppel against the owner. 53 Minn. 27; 100 S. W. 351; 70 Am. Dec. 226; 42 Am. Rep. 332; 42 Ill. 417; 42 Ark. 473. Forrest was not present at the sale, hence the estoppel created by standing by and encouraging a sale, or failing to object thereto, is absent. 10 Ark. 211; 14 Ark. 505. There is no showing in the record of any of the indicia of a right of disposition in Green, nor any act on the part of Forrest calculated to mislead any one into believing that Green had the right to sell the car or give title to it.

*Troy W. Lewis,* for appellee.

If the owner of personal property suffers another to have possession of the property and of the documents which are the indicia of property, a *bona fide* purchaser for value from such possessor can hold the property against the true owner. Burdick on Sales, 198, 200; 35 Cyc. 357, note 6; 24 R. C. L. 665 and authorities.

McCulloch, C. J. This is an action instituted in the Pulaski Circuit Court by appellant against appellee to recover possession of a Ford automobile, the ownership of which is asserted by appellant. Upon a trial of the issues before a jury it resulted in a verdict in appellee's favor.

Appellant resides in the city of San Antonio, Texas, and claimed that he was the owner of the automobile there and lent it to one Green, who brought it to Little Rock and, without appellant's knowledge or consent, sold it to R. L. Bibb, who in turn sold it to appellee. It is undisputed that Bibb purchased the car from Green in good faith and without any information concerning appellant's claim of ownership, and that Benson likewise was innocent of any information concerning an adverse

claim when he purchased the car from Bibb. The car was originally purchased by Green from a factory agency in San Antonio, and Green executed a mortgage on the car to secure the purchase price. According to appellant's testimony he made payments on the car for Green, and finally paid off the mortgage and caused the same to be assigned to him, and that Green thereupon sold and delivered the car to him. This occurred in the summer of 1918. In February or March, 1919, Green left San Antonio with the car in company with one Staehle, and made a tour of several States engaged in some kind of an advertising business. They went to New Orleans and spent a few days, and thence to Baton Rouge, Natchez, Vicksburg, Monroe, Shreveport and Texarkana, and on August 17, 1919, they arrived in Little Rock, and placed the car in a garage with which Bibb was connected in some capacity. Green stopped at one of the hotels in Little Rock and became indebted in a considerable amount for a board bill and pledged the garage claim check or ticket to the hotel management as security for the board bill. On August 23 appellant came to Little Rock in response to a telegram from Staehle, stating that Green had been injured in a fight, and after appellant's arrival here he advanced money to Green with which to pay his board bill. Appellant immediately returned to Texas, and on September 4 Green sold the car to Bibb, and about a week later Bibb sold it to appellee. Appellant testified that he owned the car, that he acquired it in the manner stated above, and that he merely lent the car to Green without giving the latter any interest in it or any authority to sell it. He testified that when he left Little Rock his agreement with Green was that the latter should immediately drive the car back to Texas. According to the testimony, the Texas license for the operation of the car was taken out in Green's name on February 8, 1918, and was renewed in his name on February 8, 1919.

The court refused to give any of the instructions requested by appellant, but submitted the issues to the jury on the following instruction:

"The owner of property which he had not transferred title to may be replevined by him wherever found, unless by his own actions he has permitted the property to be disposed of to an innocent purchaser under such circumstances as would lead an ordinarily prudent person to believe that the property was rightfully sold. Therefore, if you find from the evidence in this case that Forrest was the owner of the automobile in question at the time of the institution of this suit, and was entitled to the immediate possession of same, plaintiff would be entitled to recover, unless you find from the evidence that by his own voluntary acts and conduct he permitted Green to so use and exercise ownership over it as to cause defendant to honestly believe that Green had a right to dispose of it, in which event your verdict will be for the defendant."

The principal contention of counsel for appellant as ground for reversal is that the evidence is not sufficient to support the verdict. We are of the opinion, however, that, the burden being upon appellant as the plaintiff in the case to establish his right to recover the property, there was evidence legally sufficient to justify the submission of the question as to whether or not he was the owner. The only direct testimony as to appellant's ownership of the car was that given by himself, and all of the other testimony adduced by him was merely in corroboration of his statements.

In view of the circumstances in the case which have already narrated, we think it was a question for the jury to determine whether or not appellant was stating the truth when he testified that he acquired the title and possession from Green, and that in returning the car to Green he merely lent it to him.

But we have reached the conclusion that, if appellant was really the owner of the car, there was no testi-

mony that he "permitted the property to be disposed of to an innocent purchaser under such circumstances as would lead an ordinarily prudent person to believe that the property was rightfully sold," and that the court erred in submitting that question to the jury. It has long been ruled by this court that possession of a chattel is not conclusive evidence of ownership and of the right of disposal. In *McIntosh* v. *Hill,* 47 Ark 364, Chief Justice COCKRILL, speaking for the court, said: "Possession of personal property is only *prima facie* evidence of title, and the doctrine of *caveat emptor* prevails, notwithstanding the possession. The *prima facie* title must yield to the actual title when it is asserted, and the buyer who trusts to appearances must suffer the loss if they prove delusive."

All of the circumstances proved in the case, except the one that appellant, after he claimed to have purchased the car, permitted the Texas license to be issued in the name of Green, merely tend to establish the fact that appellant voluntarily entrusted the possession of the car to Green; but, as we have already said, the law on this subject is that this does not amount to *indicia* of absolute ownership so as to protect an innocent purchaser. There is no evidence that either Bibb or appellee was apprised of the fact that the Texas license had been issued in the name of Green, or that they acted on the faith of apparent ownership of Green on account of the license issued to him. Unless they knew of this fact and purchased the car on the faith of this fact as an evidence of ownership, it does not afford a ground for submitting the question whether or not appellant held out Green as the owner of the car. In the present state of the proof there is therefore no issue to submit to a trial jury except the single one as to appellant's asserted ownership of the car.

For the error in giving the instruction referred to the judgment is reversed, and the cause remanded for a new trial.