WRAY BROTHERS *v.* H. A. WHITE AUTO COMPANY.

Opinion delivered October 9, 1922.

1. MORTGAGES—REMOVAL OF MORTGAGED CHATTEL TO STATE.—Where mortgagor, without the mortgagee's consent, removed a mortgaged automobile into this State from another State, where the mortgage was recorded, the mortgage lien was superior to the attachment lien of plaintiffs levying in actions against the mortgagor within this State.

2. JUSTICES OF THE PEACE—WAIVER OF WRITTEN INTERPLEA.—Where a claimant of attached property in a justice's court was allowed to intervene orally, and by consent plaintiffs and the claimant proceeded to try the issue between them, there was a waiver of a written interplea or a verification thereof required by Crawford & Moses' Dig., § 544.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

Wray Bros. and Emmet Vaughan brought separate suits by attachment against J. G. Galloway, before a justice of the peace, and attachments were levied upon a Buick automobile belonging to the defendant.

The White Auto Company was allowed to intervene orally, and, by consent of the parties, the cases were consolidated and proceeded to trial between the plaintiffs, Wray Bros. and Emmet Vaughan and the interpleader, White Auto Co. The justice found for the plaintiffs and sustained the attachment. The White Auto Co. duly prosecuted an appeal to the circuit court. There the claim of Wray Bros. against J. G. Galloway for supplies and repairs on the automobile was established to the amount of $97.50. Emmet Vaughan proved that Galloway was indebted to him in the sum of $300 for legal services.

According to the testimony of A. B. Clapp, he was the general manager of the White Auto Co., and sold the automobile to J. G. Galloway in the State of Tennessee. Galloway paid part of the purchase money and gave his notes for the balance of it. A mortgage was given on the automobile to secure the balance of its purchase price. $1300 was the amount due on the purchase price of the automobile at the time the White Auto Co. was allowed to become a party to the present suit. The mortgage for the purchase price was duly recorded, as required by statute, in the State of Tennessee. Galloway brought the automobile to Arkansas without the consent of the mortgagee. The latter used every means to locate Galloway, and failed to do so until he was located at Cotton Plant, Ark., about three years after the automobile was sold to him and the mortgage given for the balance of the purchase price.

According to the testimony of the plaintiffs, they did not know that Galloway had given a mortgage on the car to secure the balance of the purchase price, and they also introduced evidence tending to show that the White

Auto Co. knew that the automobile in question had been brought into the State of Arkansas by Galloway.

The court found the issues in favor of the White Auto Co., and judgment was rendered accordingly.

*Emmet Vaughan,* for appellants.

We concede that the rule of comity between States is recognized and given effect in this State, and that it is supported by the weight of authority; but we do not understand that it is a rule which should be given effect without limitation, and we do not believe that where, as in this case, the owner of property mortgaged in another State used the same as his own property in this State for three years without objection or assertion of any claim by the mortgagee in the other State, and without his making any effort to establish his rights here under past due notes secured by the mortgage, the mortgagee ought to be given any preference over *bona fide* lien holders in this State. The court should hold that the rule of comity between States is available only to those who are prompt in asserting their rights. This is a Tennessee contract. There is no proof that the lien of a chattel mortgage there extends over a period of three years, yet it was incumbent on the appellee to prove that his lien was in existence under the laws of that State. 52 Ark. 387, 388.

2. The motion to dismiss for want of jurisdiction should have been sustained. C. & M. Digest, § 544. There was no intervention filed at all, and nothing before the court to answer or controvert. The requirements of the statute are jurisdictional. 28 Ark. 362.

*E. L. Westbrooke,* for appellee.

1. Written pleadings are not required in a court of a justice of the peace. 87 Ark. 424; 115 *Id.* 423. Moreover, everything leading up to the trial in the justice of the peace court was by consent of parties.

Before the trial in the circuit court appellee intervened in writing under oath, and appellant's motion to

dismiss was made after the intervention was filed. They should have answered. 58 Ark. 446.

2.    The court properly took judicial knowledge of the fact that the lien of a chattel mortgage in Tennessee extends over a period of three years, and appellants' reference to 52 Ark. 387 is unavailing.

A chattel mortgage duly executed and recorded in another State upon property there situate, which was subsequently removed to this State by the mortgagor, will, by comity, be enforced in this State, if it does not appear that the removal was made with the mortgagee's consent. 73 Ark. 16; 120 Ark. 490.

HART, J. (after stating the facts). The undisputed evidence in the record shows that J. G. Galloway executed a valid mortgage on a Buick automobile to the H. A. White Auto Co. of Memphis, Tenn., to secure the balance of the purchase price thereof in the sum of $1,300, and that that sum was due and unpaid at the time the White Auto Co. was allowed to intervene in the present action.

There was also evidence to sustain the finding of the circuit court that Galloway had removed the mortgaged automobile from the State of Tennessee to the State of Arkansas, without the consent of the mortgagee. Under this state of the record the circuit court was right in holding that the mortgage lien of the White Auto Co. was superior to the attachment liens of the plaintiffs.

In *F. E. Creelman Lbr. Co.* v. *Lesh,* 73 Ark. 16, it is said that the authorities generally hold that a chattel mortgage given and duly recorded in one State will, by comity, be enforced in another State to which the mortgaged chattel has been subsequently removed, even as against an innocent purchaser for value, where the mortgagee did not consent to its removal. This rule was reaffirmed in *Vehicle Supply Co.* v. *McInturff,* 120 Ark. 487.

In *Snider* v. *Yates,* 112 Tenn. 309, 64 L. R. A. 353, the Supreme Court of Tennessee held that a chattel mortgage given in another State on the property there situated, and recorded according to its laws, would not

be enforced in Tennessee, as against an innocent purchaser for value, where the property was removed to Tennessee without the consent of the mortgagee and not recorded in Tennessee. But subsequently, in *Newsum* v. *Hoffman,* 137 S. W. 490, the Supreme Court of Tennessee receded from the views just expressed, and held that whether or not such mortgage would be enforced in Tennessee depended on whether it was removed there without the consent of the mortgagee.

The change in the holding was made to conform to what the court announced to be the weight of authority on the question, and it will be noted that the holding in the latter case is in conformity with our own decisions on the question.

It is also insisted that the court should have sustained the motion of the plaintiffs, filed in the circuit court, to dismiss the intervention of the White Auto Co. for want of jurisdiction. This motion is based on the ground that the interplea of the White Auto Co. was not verified, as required by Crawford & Moses' Digest, sec. 544.

The record shows that the White Auto Co. was allowed to intervene orally in the justice court, and that by consent of the parties, the plaintiffs and the White Auto Co. proceeded to try the issue of law and fact between them. This amounted to a waiver of a written interplea or a verification of it under the statute. The court had jurisdiction of the parties and of the subject-matter of the lawsuit. Their consent to try the case and their appearance in court for that purpose dispensed with the requirement of the statute both in regard to a written interplea and the verification of it. See *Hill* v. *Imboden,* 146 Ark. 99, and *Burke* v. *Sharp,* 88 Ark. 433.

It follows that the judgment must be affirmed.