WILLIAMS *v.* CLEMENT.

4-3492

Opinion delivered June 18, 1934.

*E. W. Brockman,* for appellants.
*Bridges, McGaughy & Bridges,* for appellee.

JOHNSON, C. J. This replevin action was instituted by appellee, Virginia C. Clement, against Ed Williams, *et al.*, trustees for Pleasant Grove Baptist Church, colored, in the municipal court of Pine Bluff seeking possession of a certain piano. Appellee was successful in the municipal court and appellants appealed to the circuit court of Jefferson County wherein results were obtained not dissimilar to those in the municipal court, and this appeal is likewise prosecuted, which must result as in the lower courts. The facts are not in material dispute and may be summarized as follows:

Prior to 1932 appellee owned the piano in controversy; in January, 1932, she delivered it to Kohn & Kohn Music Company of Pine Bluff for storage, the storage to be paid by use of the instrument for demonstration purposes. While the piano was thus stored, appellants representing the negro Baptist Church purchased same from Kohn & Kohn Music Company paying full value therefor in cash, without notice of appellee's ownership or circumstances indicating her interest.

This case is ruled by *Forest* v. *Benson,* 150 Ark. 89, 233 S. W. 916, and cases therein cited. Since the rendition of the opinion of this court in *McIntosh* v. *Hill,* 47 Ark. 363, 1 S. W. 680, we have consistently held that possession of personal property is only *prima facie* evidence of title, and that the doctrine of *caveat emptor* prevails notwithstanding the possession; also that the *prima facie* title must yield to the actual title when asserted unless the actual owner has done some affirmative act, or has neglected to speak when called upon to do so, which estops the actual owner in his present assertions. The trial court found, as a fact, that appellee was not estopped in asserting her actual title to the piano in controversy, and this finding is not without substantial evidence to support it. The doctrine here announced or restated is not in conflict with *Georgia Casualty Company* v. *Board of Directors,* 188 Ark. 1122, 70 S. W. (2d) 33, or any other opinion of this court on the subject here under consideration.

No error appearing, the judgment is affirmed.