Motors Securities Company, Inc. *v.* Duck.

4-5529                  130 S. W. 2d 3

Opinion delivered June 26, 1939.

*J. V. Spencer* and *Sam Goodkin,* for appellant.

*Surrey E. Gilliam,* for appellee.

HUMPHREYS, J. This is a replevin suit brought in the circuit court of Union county by appellant against appellee to recover the possession of a Ford automobile under the provisions of a conditional sales contract for failure of appellee to pay the balance of the purchase money therefor evidenced by note with agreement to pay same in monthly installments. The conditional sales contract and note were made exhibits to the complaint. Appellant alleged the right to possession of the automobile by reason of an assignment of the note and conditional sales contract to it by the Ramsey Motor Co., Inc., who sold the automobile to appellee for a valuable consideration before maturity. The sales contract contained a provision that Ramsey Motor Co., Inc., or its assignee might retake the automobile in case appellee failed to pay the monthly installments as they became due.

Appellee filed an answer denying the material allegations of the complaint and pleading further that the contract was made in Louisiana and was void *ab initio* in that state. The cause was submitted to the court sitting as a jury upon a stipulation as follows:

"That the conditional sales agreement attached as Exhibit to the original complaint, and which is made a part of this stipulation, was made, signed, executed and delivered in Farmerville, Louisiana, in Union Parish, and that the car involved therein was delivered to the purchaser, Horace Clyde Duck, in Farmerville, Louisiana. That a note was executed at the same time as a part of the purchase price, and that it likewise, was signed by Horace Clyde Duck in Farmerville, Louisiana.

"That both said contract and note were executed on August 29, 1937, but bear date of August 30, 1937.

"That the plaintiff is in arrears on his payments provided for, and that under the terms of the contract the total amount thereunder, in the sum of $448.49, is the accrued amount due under said contract and note,

provided it is found that the instruments are valid, and that any amount is due thereunder.

"That immediately after the execution of said contract and note the Ramsey Motor Company, Inc., sold the note and contract to the Motors Securities Company, Inc., for a valuable consideration; that said sale of the note and contract were made to the Motors Securities Company, Inc., before any payments under the contract and note became due.

"That after the assignment to the Motors Securities Company, Inc., the defendant made payments, the last payment being made to the Motors Securities Company, Inc., on the 12th day of September, 1938, and under the note and contract there is now due a balance of $448.49, should the court find that the contract and note are valid, together with six per cent interest on and after September 12, 1938.

"It is further stipulated that the car is of the value of $500.

"It is further stipulated that neither the Motors Securities Company, Inc., nor the Ramsey Motor Company, Inc., have been authorized to do or transact business in the state of Arkansas; and it is further admitted that both of them are corporations which.were not organized under the laws of the state of Arkansas.

"It is further stipulated that the note and contract provide that fifteen per cent. attorney's fee be added should the note be placed in the hands of an attorney for collection.

"It is further stipulated that said note and contract are made a part of this agreed stipulation of facts as Exhibit 'A' to plaintiff's testimony.

"It is further stipulated that Horace Clyde Duck is a resident of the state of Arkansas, and was such during all of the times mentioned."

The court found that the conditional sales agreement was made in Louisiana, and since under the laws of Louisiana, a conditional sales agreement has no effect as such, the appellant could not maintain its action of re-

plevin and dismissed the complaint over the objection and exception of appellant.

A motion for a new trial was filed assigning as ground therefor that the court erred in holding that the contract should be governed by the laws of Louisiana. The motion was overruled whereupon appellant prayed and was granted an appeal to this court.

Appellant's first contention for a reversal of the judgment is that, even though the conditional sales contract was a Louisiana contract, it was valid in that state and, therefore, valid and enforceable in any other state. The first question for determination, therefore, is whether the conditional sales contract was a valid and enforceable contract in the state of Louisiana. The answer to this question is found in the case of *Barber Asphalt Paving Co.* v. *St. Louis Cypress Co., Ltd.,* 121 La. 152, 46 So. 193, expressed in the syllabus stated by the court, which is as follows: "A so-called conditional sale, or sale by which the vendee is to become at once unconditionally bound for the price, and the vendor is to continue to be owner of the property until the price is paid, is not possible under the laws of this state. A petition wherein the vendor under such a contract claims the ownership of the property sold shows no cause of action."

The effect of this decision is to hold that a conditional sales contract, in so far as it seeks to reserve or to retain title to personal property in a vendor until the purchase money has been paid, is void and will not be enforced by the courts of Louisiana, and that when such a contract is entered into the absolute title to the personal property immediately passes to and vests in the vendee, just as if the title had not been retained or reserved in the vendor until the purchase money should be paid. That being the case replevin does not lie in Louisiana to recover the possession of the property and, therefore, cannot be resorted to to recover the property in any other state. The case referred to above has never been overruled. In fact, the doctrine therein announced

has been reaffirmed in the case of *Overland Texarkana Company* v. *Bickley*, 152 La. 622, 94 So. 138.

Appellant contends for a reversal of the judgment, however, because the intention of the original parties in the conditional sales contract was to make same with reference to the laws of Arkansas both as to its validity and its enforcement in the state of Arkansas. Such an intention does not appear in the stipulation, and we are unable to find any such intention expressed in either the conditional sales contract or the note. Had such been the intention of the parties the intention could have been easily inserted in the contract. The fact that they failed to do so is a strong circumstance indicating that they had no such intention. The stipulation shows that the contract was entered into in Farmerville, Louisiana. The automobile involved in this suit was sold and delivered to appellee in Louisiana. The down payment was made in Louisiana. Both the note and conditional sales contract were executed and delivered in Louisiana, and both were assigned to appellee in Louisiana. The conditional sales contract and note provide for the payment of the unpaid purchase price at the office of Motors Securities Company, Inc., at Monroe, Louisiana. According to the conditional sales contract, the note and stipulation, everything in connection with the transaction from its inception to its completion occurred in Louisiana and payments of the installment for purchase money were to be paid in Louisiana.

The general rule is that the law of the state where contracts are made govern as to the construction and enforcement thereof unless otherwise provided in the contract or unless it clearly appears that the parties intended for it to be construed and enforced in accordance with the laws of some other state. *Smead* v. *Chandler*, 71 Ark. 505, 76 S. W. 1066, 65 L. R. A. 353.

As further showing the intention of the parties that the contract was not to be construed or its validity determined by Arkansas laws, the contract uses terms, conditions and provisions entirely unknown to and unrecognized by the laws of the state of Arkansas. It is

provided in the conditional sales contract that same shall be recorded at the expense of the buyer. Such a contract is not required to be and not being acknowledged cannot be recorded in this state. It is also provided in the contract that the buyer waives right of inquisition on real estate. No such right of waiver exists in this state. The sales conditional contract also provides that the buyer may appear by a prothonotary and confess judgment. There is no such officer in the state of Arkansas.

In the stipulation it is admitted that the contract although bearing the date of August 30, 1937, same was actually made and executed on August 29, 1937, which was Sunday. A contract executed on Sunday in this state is void. *Edward* v. *Probst,* 38 Ark. 661.

These provisions foreign and unknown to the laws of Arkansas indicate that the contract was not made with reference to the laws of Arkansas.

Appellant also contends that it is an innocent purchaser of the note. As before stated the conditional sales contract was void *ab initio* under the laws of Louisiana and it follows, of course, that one cannot be an innocent purchaser of such a contract. But even if the law were otherwise this contract was payable to the appellant at its office in Monroe, Louisiana, and with such a provision in the contract appellant must have known all about same when it took the assignment thereof immediately after the execution of the contract.

No error appearing, the judgment is affirmed.