PRUITT TRUCK & IMPLEMENT COMPANY *v.* FERGUSON.

4-9111                                                      227 S. W. 2d 944

Opinion delivered March 13, 1950.

*Robert L. Hyder* and *Northcutt & Northcutt,* for appellant.

*Robert N. Maxey* and *P. C. Goodwin,* for appellee.

LEFLAR, J. This is a replevin action to recover a truck to which plaintiff Pruitt claims title. The Circuit Court, sitting without a jury, held for defendants, and plaintiff appeals.

Plaintiff, an auto dealer in West Plains, Mo., there on July 17, 1948, traded the truck to W. L. Craft. In part payment Craft transferred to plaintiff another truck, and gave plaintiff a note and check for the $200 balance. The check could not be cashed and the note was never satisfied, so that the $200 balance still remains unpaid. Plaintiff did not assign to Craft the certificate of title which under Missouri law (Mo. Rev. Stats., 1939, § 8382) must be assigned by the seller to the buyer of a motor

vehicle as a condition to effective sale thereof. Plaintiff Pruitt's testimony was that by their agreement the certificate of title was not to be executed until Craft finished paying for the truck, that he was to retain title till paid in full. Craft brought the truck to Arkansas, apparently secured an Arkansas license for it, and used it here for some months. During this time he incurred bills which remained unpaid, and his creditors brought a Justice of the Peace Court attachment proceeding against Craft for the amount of their claims. Defendant Ferguson as Constable attached the truck and later sold it under the attachment; defendant Wadley purchased it at the attachment sale; and defendant Roberts stored it on Wadley's behalf thereafter. Plaintiff Pruitt filed this replevin suit prior to the attachment sale, and defendants had notice of his claim before the sale, though he filed an amended complaint after the sale naming Wadley and Roberts as additional defendants.

The judgment of the Circuit Court in the present action was to the effect that plaintiff had no Missouri title which could prevail over the Arkansas attachment and the sale thereunder.

The question of what title interests in the truck existed by reason of the Missouri trade between plaintiff and Craft is governed by the law of Missouri, the place where the chattel was physically located when the transaction occurred. Restatement, Conflict of Laws, §§ 258, 260; *Wray Bros.* v. *H. A. White Auto Co.,* 155 Ark. 153, 244 S. W. 18. By the same token, the effect on the title of later transactions occurring when the truck was located in Arkansas is to be determined by Arkansas law. *Forrest* v. *Benson,* 150 Ark. 89, 233 S. W. 916; *Motors Security Co.* v. *Duck,* 198 Ark. 647, 130 S. W. 2d 3.

The Arkansas law of Conflict of Laws necessarily recognizes the validity of foreign-created titles in chattels brought into this state, and under our law not even a sale to a *bona fide* purchaser here will cut off such a prior legal title. *Public Parks Amusement Co.* v. *Embree-McLean Carriage Co.,* 64 Ark. 29, 40 S. W. 582; *Hinton* v.

*Bond Discount Co.,* 214 Ark. 718, 218 S. W. 2d 75. If in the present case Pruitt retained title to the truck under Missouri law his title would not be cut off by the Arkansas attachment sale. The purchaser at the attachment sale would get only whatever interest Craft had. Our principal question therefore is as to what title interests existed in Pruitt and Craft respectively by reason of their Missouri transaction.

Section 8382 of the Missouri Statutes, as already stated, requires that on sale of a motor vehicle the certificate of title be transferred, with a proper assignment on the back, to the buyer. The statute provides that "it shall be unlawful" to buy or sell an automobile without transfer of the certificate, and that any such sale "shall be fraudulent and void." The Missouri courts have interpreted the section strictly, and hold that the buyer gets no title if the statute is not complied with. They hold that the title remains unqualifiedly in the seller until the certificate passes. *State ex rel. Connecticut Fire Ins. Co.* v. *Cox,* 306 Mo. 537, 268 S. W. 87, 37 A. L. R. 1456; *Perkins* v. *Bostic,* 227 Mo. App. 352, 56 S. W. 2d 155; *Anderson* v. *Arnold-Strong Motor Co.,* 229 Mo. App. 1170, 88 S. W. 2d 419; *Universal Credit Co.* v. *Story,* (Mo. App.) 128 S. W. 2d 654; *Robertson* v. *Central Mfrs. Mut. Ins. Co.,* 239 Mo. App. 1169, 207 S. W. 2d 59; *Peper* v. *American Exch. Bk.,* 357 Mo. 652, 210 S. W. 2d 41. There are many other Missouri cases to the same effect.

Under those Missouri cases there is no room for difference of opinion as to who had title to the truck after the Missouri transaction between Pruitt and Craft on July 17, 1948. The title was still in Pruitt.

Appellee contends that the judgment below can be supported on the authority of *Seward* v. *Evrard,* (Mo. App.), 222 S. W. 2d 509. In this case a car was sold in Missouri by Seward to one Stokes, without assignment of the certificate of title. Stokes secured an Arkansas license and registration certificate on the car, then took it to St. Louis and there sold it to a *bona fide* purchaser. A draft given by Stokes to Seward in payment for the car was uncollectible, and Seward sought by replevin to

recover the car. The holding was that Seward was estopped to set up his title as against the *bona fide* purchaser. Estoppel was based on the fact that Seward had knowingly put it in the power of Stokes to vest himself with the apparently perfect title that misled the purchaser.

In the instant case no comparable basis for estoppel exists. When Pruitt's car was sold at the attachment sale in the action brought against Craft the defendants already had notice that Pruitt was claiming title to it. There was no *bona fide* purchase nor any similar innocent acquisition of a title claim in reliance on a misleading situation of Pruitt's creation. The factual basis for estoppel that was present in *Seward* v. *Evrard* is absent here. See *Forrest* v. *Benson,* 150 Ark. 89, 233 S. W. 916.

Plaintiff Pruitt's title enables him to prevail in this action. According to his testimony the title was retained only as security for payment of the balance due on the car, as under a conditional sale, therefore he will have in the car only such rights, as against Craft's creditors, as Missouri law gives to a conditional seller who retakes the conditionally sold chattel under such circumstances.

The judgment is reversed and the case remanded.