WELLS *v.* CITY NATIONAL BANK OF FT. SMITH.

5-2444                                                         349 S. W. 2d 668

Opinion delivered September 25, 1961.

[Rehearing denied October 23, 1961.]

*Charles R. Garner,* for appellant.

*Harper, Harper, Young & Durden,* for appellee.

GEORGE ROSE SMITH, J. This is a proceeding by the City National Bank to foreclose a chattel mortgage upon a cabin cruiser and other property. The mortgagor, Robert Novick, and his wife made no defense, but the suit was resisted by the appellant, Gladys Rylee Wells, who contends that under an earlier chattel mortgage she has a prior lien against the boat. The chancellor held that the bank has the superior lien. Priority as between the two mortgages is the only issue presented by the appeal.

The parties were living in Fort Smith when the mortgages were executed, but Novick kept the boat at a dock on Tenkiller Lake in Oklahoma. On April 8, 1959, the Novicks mortgaged the cruiser to Mrs. Wells to secure a debt of $3,650. Pursuant to Arkansas law Mrs. Wells filed the mortgage in Sebastian County, where the mortgagor resided. Ark. Stats. 1947, § 51-1001. She failed, however, to endorse on the mortgage the words, "This instrument to be filed, but not recorded." Ark. Stats., § 16-201. This omission prevented Mrs. Wells' mortgage from becoming a first lien as against the bank. *Nix* v. *Watts,* 121 Ark. 346, 181 S. W. 127.

On August 3, 1959, Novick mortgaged the property to the bank to secure a debt of $2,270. This mortgage was properly filed in Sebastian County and became a first lien by Arkansas law. Thereafter Mrs. Wells apparently discovered that her mortgage had been defectively filed. In November she recorded certified copies of her mortgage in the Oklahoma counties where Tenkiller Lake is situated.

In January, 1960, the bank took possession of the property and brought it to Arkansas. The bank's complaint was filed in March, 1960, and asserted that whatever interest Mrs. Wells claimed in the property was

subject to the bank's lien. It was not until July 5th that Mrs. Wells filed an answer setting up her chattel mortgage and seeking a first lien against the property.

Mrs. Wells' claim to priority rests upon the fact that her mortgage was recorded in Oklahoma, while the bank's mortgage was not. It is ordinarily the rule that the validity and effect of a chattel mortgage are determined by the law of the place where the property is situated at the time the mortgage is executed. *Valley-field Gin Co.* v. *Robinson,* 216 Ark. 716, 227 S. W. 2d 168. By Oklahoma law a chattel mortgage, to be valid against third persons, must be recorded in the county where the property is situated. 46 Okl. St. Ann. § 57. The appellant therefore insists that the controlling Oklahoma law gives her priority.

We do not share this view. There is authority for the position that the Oklahoma law would not be applicable after the boat was returned to Arkansas, since the original transactions took place in this state among residents of this state. See *Runyon* v. *Groshon,* 12 N. J. Eq. 86. We do not pass upon this question, however, for we are convinced that Mrs. Wells cannot prevail even if the law of Oklahoma is considered to be controlling.

The Oklahoma recording statutes provide that "when a mortgaged chattel is moved into this State, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located. 46 Okla. Stat. Ann. § 58.

It will be observed that the statute does not expressly refer to the situation in which a mortgaged chattel is moved from Oklahoma to another state. In a case involving a removal from one Oklahoma county to another it has been held that even though the property is removed without the mortgagee's consent the lien is lost if the

mortgage is not refiled within 120 days. *Farmers' St. Bk. of Wheatland* v. *North Okl. St. Bk.,* 104 Okl. 248, 230 P. 914. And in that situation a junior mortgage on file in the county to which the property is removed will become a first lien if the senior mortgage is not refiled within 120 days. *Henry* v. *Harris,* 206 Okl. 357, 243 P. 2d 663.

The Oklahoma statute, quite properly, does not attempt to say what the situation will be when the mortgaged chattel is moved from Oklahoma to another state. Upon this point we must refer to the Arkansas law of conflict of laws. By that law the validity of an out-of-state mortgage will be recognized when the mortgaged property is brought to Arkansas. *Hinton* v. *Bond Discount Co.,* 214 Ark. 718, 218 S. W. 2d 75, *Pruitt Truck & Implement Co.* v. *Ferguson,* 216 Ark. 848, 227 S. W. 2d 944.

In recognizing the out-of-state incumbrance, however, we should not give it any greater effect than it is entitled to under the law of the state where it was executed. Hence the extraterritorial effect of the Oklahoma statute would be limited to a period of 120 days after the property was removed from Oklahoma. Within that time Mrs. Wells might have brought suit in Arkansas to foreclose her mortgage, which was overdue, or might have filed an answer in the present suit, asserting her supposed priority under Oklahoma law. She did nothing, however, until her answer was filed on July 5, almost six months after the boat was brought to Arkansas. In the meantime the extraterritorial force of the Oklahoma law had expired, and the local law of Arkansas must control the determination of priority. By that law the bank is entitled to prevail.

Affirmed.