

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-554

| | |
|---|---|
| TALVIN COLLINS<br><div align="right">APPELLANT</div> | **Opinion Delivered** December 17, 2014 |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CV-12-102-2] |
| HARRY HALL, individually and in his official capacity as alderman; VERONICA TENSLEY, individually and in her official capacity as alderwoman; SONJA FARLEY, individually and in her official capacity as alderwoman; and CITY OF GOULD<br><div align="right">APPELLEES</div> | HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Talvin Collins brings this appeal from an order of the Jefferson County Circuit Court quashing a writ of garnishment after Collins had been granted a default judgment. We affirm the circuit court.

The City of Gould (the City) is a municipal corporation located in Lincoln County operating under a mayor/aldermanic form of government. The City hired Talvin Collins as the police chief at an annual salary of $21,900. A dispute apparently arose between the City and the police chief, and the City allegedly refused to pay Collins his salary. Collins filed a lawsuit in neighboring Jefferson County[1] on February 28, 2012, alleging breach of contract, violation of the Arkansas minimum-wage law, and violation of the federal Fair Labor

---

[1]Neither party argued before the circuit court or this court whether venue was proper against the City in neighboring Jefferson County. Therefore, we do not address the issue.

Standards Act. Collins did not name the City as a defendant, nor did he name the mayor as a defendant. Instead, Collins named four of the City's aldermen as defendants in both their individual and official capacities,[2] alleging "the defendants are counsel [sic] members for the City of Gould who, by majority vote, have refused to pay the plaintiff wages due him [.]" The complaint further asserted that all actions were taken in accordance with the City's policy, as well as under color of law. Collins sought compensatory and punitive damages, liquidated damages, an order requiring "the Defendant" to continue to pay him, and reasonable attorney's fees.

Collins served each alderman with process. None of the aldermen filed an answer or responsive pleading. Collins moved for a default judgment and it was granted in May 2013. The court set a hearing for damages. The record does not indicate whether the four aldermen attended the hearing. Following the hearing, the circuit court entered a judgment against the aldermen, individually and in their own official capacity as follows:

> *Each Defendant* has been duly served with summons as required by law. *Each defendant* has failed to appear and defend, and *the Defendant* is indebted to the Plaintiff by virtue of damages proven by plaintiff in the sum of $52,000 compensatory damages, and in the sum of $32,000 for liquidated damages. Plaintiff is also entitled to punitive damages against *each Defendant*. Punitive damages are awarded as follows:

---

[2]The named defendants were Harry Hall, Veronica Tensley, Sonja Farley, and Rosieanna Smith-Lee. The members of the council are referred to herein collectively as "aldermen" for convenience.



| *Defendant*, Alderman Harry Hall | $1,000.00 |
| *Defendant*, Alderwoman Veronica Tensley | $1,000.00 |
| *Defendant*, Alderwoman Sonja Farley | $1,000.00 |
| *Defendant*, Alderwoman Rosieanna Smith-Lee[3] | $1,000.00 |

It is therefore ordered and adjudged that the plaintiff have and recover from *each Defendant*, jointly and severally, the sum of $84,000.00 . . ., that the Plaintiff have and recover from *each Defendant*, severally, the amount of punitive damages assessed against *each Defendant* set out above[.] (Emphasis added.)

Two writs of garnishment were subsequently issued to Merchants and Farmer's Bank (the bank) claiming that the aldermen, in their official capacity,[4] were indebted to Collins in the sum of $91,533.[5] The City filed an objection to the writs of garnishment, claiming that it was not a party to the underlying suit. It asserted that none of the individual aldermen were employed by the City or represented it in any official capacity, either at the time of the entry of the default judgment or the issuance of the writ. The City further contended that it had various accounts at the bank, but that garnishment of the City's operating accounts was unconstitutional. The bank also answered, listing six accounts for the City with a total balance of approximately $150,000. In Collins's response to the City's objection, Collins argued that the suit against the aldermen in their official capacities was effectively a suit against the City.[6]

---

[3]Roseianna Smith-Lee subsequently filed for bankruptcy relief.

[4]The Writs of Garnishment were not issued against the four aldermen "individually," but rather only in his/her "official capacity."

[5]The writs included the amount of the judgment plus accrued interest and costs.

[6]The parties to the Writ of Garnishment proceeding and the circuit court apparently interpreted the Writs of Garnishment against the aldermen "in their official capacities" as claims against the City's bank accounts. That issue is not before this court.

The circuit court stayed the enforcement of the garnishment pending a hearing on the City's objections. After a hearing and requesting briefs by the parties, the circuit court quashed the garnishment and entered an order containing the following:

> Although the defendant aldermen were sued in their "official capacities," the City of Gould is not a party to this litigation. The record clearly shows that the City of Gould was never named as a defendant and was never served with process pursuant to the Arkansas Rules of Civil Procedure. Service of process upon a municipal corporation is governed by Rule 4(d)(7) which reads in pertinent part: [Service] "Upon a state or municipal corporation . . . by delivering a copy of the summons and complaint to the chief executive officer thereof . . . ." The mayor is the chief executive officer of a municipal corporation and the record shows that the mayor of the City of Gould was not served with process.

This appeal followed.

On appeal, Collins contends that the court erred in quashing the writ of garnishment because (a) this is an "official-capacity lawsuit" and Collins was not required to name the City as a defendant for the judgment to be effective against the City; (b) service on the individual aldermen was effectively service on the City; and (c) the court had no jurisdiction to question the underlying judgment on a motion to quash the garnishment.

In some circumstances, a suit against a government official in his official capacity may effectively be a suit against the official's governmental entity. *See Simons v. Marshall*, 369 Ark. 447, 255 S.W.3d 838 (2007). Official-capacity suits are necessary where the plaintiff cannot bring suit directly against the governmental unit itself. One example is the Eleventh Amendment bar against suing a state directly in federal court. *See Ex parte Young*, 209 U.S. 123 (1908). Another is the bar of sovereign immunity found in Arkansas Constitution article 5, section 20. *See Ark. Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). By contrast,

4

a municipal corporation is empowered to sue or be sued in its own name. Ark. Code Ann. § 14-54-101(1) (Repl. 1998). There is, therefore, no need to resort to an official-capacity suit against a municipal corporation. A plaintiff simply names the municipal corporation directly as a defendant and serves process upon the chief executive officer. *See* Arkansas Rule of Civil Procedure 4(d)(7). In this case it is undisputed that there was no compliance with Rule 4(d)(7) and that the mayor of Gould as chief executive was not served with process.

A writ of garnishment is a suit directed to a third party to determine whether the third party possesses property of the *judgment debtor*. The effect of the service of a writ of garnishment is to impound all property in the hands of the third-party garnishee that belongs to the *judgment debtor* at the time of the service, or that may thereafter come into his or her possession up until the filing of a true and correct answer. *Thompson v. Bank of Am.*, 356 Ark. 576, 582, 157 S.W.3d 174, 178 (2004). Therefore, the appropriate inquiry is to determine whether the City of Gould was a judgment debtor in the underlying case for purposes of a writ of garnishment. Under the circumstances of this case, we hold that it was not. As previously discussed, a municipal corporation is empowered to sue or be sued in its own name and there is no need to resort to an official-capacity suit against a municipal corporation. A plaintiff simply names the municipal corporation directly as a defendant and serves process upon the chief executive officer. Here, the appellant recovered a judgment against the four aldermen and not against the City. Consequently, we cannot say that the circuit court was clearly erroneous in quashing the garnishment. *See Thompson v. Bank of Am.*, *supra*.

SLIP OPINION

Appellant's second point on appeal concerns service of process and is somewhat intertwined with the first point. The appellant contends that because the four aldermen were the "persons named in the complaint," service upon the aldermen as individuals was proper pursuant to Arkansas Rule of Civil Procedure 4(d)(1). The appellant continues that because service was proper upon the defendants/aldermen as individuals under Arkansas Rule of Civil Procedure 4(d)(1), he was not required to serve the chief executive officer of the municipal corporation under Arkansas Rule of Civil Procedure 4(d)(7) and that the service upon the aldermen was effectively service on the City. We disagree. As previously explained, the City of Gould is empowered to sue or be sued in its own name and service is effectuated by serving the chief executive officer. While Rule 4(d)(1) governs service on the aldermen in their individual capacities, it does not apply to service upon a municipal corporation.

Finally, Collins contends that the circuit court erred in going behind the default judgment, arguing that there are only certain arguments that a judgment debtor can make in a garnishment proceeding, such as lack of notice or to claim exemptions. Here the circuit court did not address or "go behind" the underlying judgment. The underlying judgment remains in full force and effect against the parties as named in the judgment.[7] Instead, the court concluded that, because the City was not served with process, it was not a party to the underlying action or subject to garnishment of its bank accounts. The court then quashed the garnishment as it was authorized to do under Arkansas Code Annotated section 16-110-134(d) to protect the City's rights in its bank accounts. Although Collins complains

---

[7]See footnote 3 regarding Alderwoman Smith-Lee.

on appeal that the City failed to file a verified petition as contemplated by the above statute, he failed to make any such argument below and instead proceeded to try the issues raised by the City in its written objection to the garnishment. Therefore, that argument has been waived. *See Plymate v. Martinelli*, 2013 Ark. 194; *Wray Bros. v. H. A. White Auto Co.*, 155 Ark. 153, 244 S.W. 18 (1922).

We hold that the circuit court was not clearly erroneous in quashing the garnishment. Accordingly, we affirm.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Sutter & Gillham, PLLC*, by: *Luther Oneal Sutter*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*McKissic & Associates Law Firm, P.L.L.C.*, by: *Gene E. McKissic, Sr.* and *Jessica Yarbrough*, for appellees.