Bell *v.* West d/b/a West's Serv. Sta.

5-3956                                406 S. W. 2d 316

Opinion delivered September 26, 1966

*Terral, Rawlings, Matthews & Purtle,* for appellant.

No brief filed for appellee.

George Rose Smith, Justice. In this garnishment proceeding the trial court entered judgment against the appellee, as garnishee, for $30.00. The appellant, the judgment creditor, contends that the garnishee failed to file a true answer to the writ, as the statute requires, and that he thereby became liable for the full amount of the principal judgment. Ark. Stat. Ann. § 31-506 (Repl. 1962).

In January, 1964, Bell obtained a judgment for $954.70 against Ernest Larkin, an employee of the appellee West. A writ of garnishment was served on West on Thursday, February 20, 1964. On the following Tuesday, February 25, West filed an answer stating that he had paid Larkin in advance through February 20 (the date of service) and that he was not indebted to Larkin either on the date that the writ was served or on the date that the answer was filed. Bell promptly countered with a denial of the correctness of the garnishee's answer.

At the trial in November, 1964, Larkin was the only witness. He testified that throughout the year he had been working for West at weekly wages of $45.00, which were paid to him every Saturday night. The trial judge, in awarding the appellant a judgment for $30.00, concluded that West had been indebted to Larkin for two thirds of a week's work (February 21 to February 25) when the answer was filed.

The court's conclusion, under the law applicable to garnishments, was correct. A debt not yet payable but certain to become payable in the future is reached by a writ of garnishment. *Cannaday* v. *First Nat. Bank*, 238 Ark. 474, 382 S. W. 2d 589 (1964). Hence West's answer to the writ was incorrect. The case is therefore controlled by our decision in *Harris* v. *Harris*, 201 Ark. 684, 146 S. W. 2d 539 (1941), where we held that a garnishee filing an untrue answer is liable for sums paid by him to the judgment debtor until a correct answer is filed. Inasmuch as West had paid Larkin more than the full amount of Bell's judgment in the interval between the filing of his incorrect answer and the date of trial, Bell was entitled, under the *Harris* case, to a judgment against the garnishee for $954.70, with interest.

The judgment must be reversed and the cause remanded for the entry of a judgment in Bell's favor.