Lyle B. THOMPSON *v.* BANK of AMERICA and Jefferson Pilot Insurance Company

03-1016 157 S.W.3d 174

Supreme Court of Arkansas
Opinion delivered April 1, 2004

*Law Offices of Peter Miller*, by: *John M. Hardy*, for appellant.

*Wright, Lindsey & Jennings*, by: *Judy Simmons Henry* and *Stephen R. Lancaster*, for appellee.

JIM HANNAH, Justice. Lyle B. Thompson appeals a decision of the Pulaski County Circuit Court allowing Bank of America to garnish payments Thompson receives from an annuity purchased for his benefit in settlement of a dispute concerning termination of trusts in the estate of N.B. Dalton. Thompson argues first that the trial

court erred in allowing Bank of America to garnish $27,750 in annuity back payments held in-trust by Jefferson-Pilot Life Insurance Company. Under an annuity contract, Jefferson-Pilot is required to pay Thompson the sum of $750 per month for life. On September 16, 1999, Bank of America filed a writ of garnishment on the annuity payments. In response to service of the writ of garnishment, Jefferson-Pilot ceased making the monthly payments to Thompson and held the payments in-trust. Thompson filed a motion to quash the September 16, 1999, writ of garnishment on October 6, 1999, but never obtained a hearing on the motion. Almost three years later on October 4, 2002, Bank of America filed an additional writ of garnishment and only then was a hearing set on the issue of the propriety of garnishing the annuity payments. In those three years, a total of $27,750 in back payments accumulated. Thompson argues that the trial court erred ,in ordering garnishment of the back payments because at the time each monthly annuity payment was due and should have been paid, Bank of America had no valid writ of garnishment. Thompson argues second that the trial court erred in ordering Jefferson-Pilot to forward his future monthly annuity payments to Bank of America under garnishment until the debt was paid or Thompson died. Thompson asserts that his monthly annuity payments do not become subject to garnishment until his right to the payment accrues each month. He argues that Bank of America must seek a writ of garnishment for each monthly payment.

Under the garnishment statutes, a writ of garnishment reaches all assets of the judgment debtor in the hands of the subject of the writ. When the October 4, 2002, writ of garnishment was issued, Jefferson-Pilot held $27,750 in back payments. Any claim that the individual payments owed between September, 1999, and October, 2002, were improperly held by Jefferson-Pilot is waived by a failure to seek a hearing on the motion to quash the September 16, 1999, writ of garnishment. Whether the prior writ of garnishment was valid is not controlling. The October 4, 2002, writ of garnishment reached the $27,750 held by Jefferson-Pilot on October 4, 2002, because that sum was then owed by Jefferson-Pilot to Thompson.

On the issue of garnishment of future monthly annuity payments, each monthly payment is not due under the contract until two conditions exist. The first condition is that the day on which the payment is due must arrive. The second condition is that on that day, Thompson must be alive. There is no presently

payable debt that may be subjected to garnishment until the day the payment is due arrives and Thompson is alive. Only then does Jefferson-Pilot owe a debt that may be garnished. Thus, payment is contingent and Bank of America must garnish each annuity payment as it becomes due and owing.

This is the third appeal in this case. *See Buchbinder v. Bank of America* 342 Ark. 632, 30 S.W.3d 707 (2000); *Boatman's Trust Co. v. Buchbinder,* 343 Ark. 1, 32 S.W.3d 466 (2000). We have jurisdiction of this case pursuant to Ark. Sup. Ct. R. 1-2(a)(8) and (b)(6) (2003).

### Standard of Review

This case was tried to the court. The standard of review on finding of facts is clearly erroneous. *Buchbinder, supra.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* We review issues of statutory construction de novo, as it is for this court to decide what a statute means. *Simmons First Bank v. Bob Callahan Servs.,* 340 Ark. 692, 13 S.W.3d 570 (2000); *Hodges v. Huckabee,* 338 Ark. 454, 995 S.W.2d 341 (1999). In this regard, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.; Stephens v. Arkansas School for the Blind,* 341 Ark. 939, 20 S.W.3d 397 (2000).

### Facts

In May 1999, the trial court ordered Bank of America, as trustee of the estate of N.B. Dalton, to purchase an annuity that was to pay estate beneficiary Thompson $750 per month for life as final settlement of Thompson's claims to assets from the N.B. Dalton estate. An annuity was purchased by Bank of America from Jefferson-Pilot.

Bank of America later prevailed on a motion seeking an award of attorney's fees from Thompson in the litigation of the N. B. Dalton estate. On June 17, 1999, a judgment was entered in favor of Bank of America and against Thompson in the amount of $206,952.05.

On September 16, 1999, Bank of America obtained issuance of a writ of garnishment, which was served on Thompson's counsel Charles Lincoln. Upon receipt of this first writ of garnish-

ment, Jefferson-Pilot ceased making payments under the annuity to Thompson and held them pending a decision on whom should receive the payments. On October 6, 1999, Lincoln filed a motion on Thompson's behalf to quash the writ of garnishment alleging that Thompson was not subject to personal jurisdiction for purposes of a writ of garnishment. On October 12, 1999, Bank of America supplemented its certificate of service on the writ of garnishment to show that Thompson was then served in Florida at his home address by regular United States Mail and by certified mail, return receipt requested. Bank of America responded to the motion to quash by asserting that the case was still ongoing, that a motion for reconsideration was still pending, and that Lincoln continued to represent Thompson in the subject litigation as evidenced by his involvement as counsel in the motion for reconsideration and his filing of the motion to quash the writ of garnishment. Thompson responded by a motion to quash the supplemental certificate of service filed by Lincoln, in which Thompson alleged that the only way to cure the defective notice would be to issue the writ of garnishment anew showing same day service of the writ of garnishment on Thompson.

No further action was taken on the writ of garnishment against Thompson until September 4, 2002, when Mr. Lincoln filed a "renewed motion to quash the writ of garnishment and cross-claim," on behalf of Thompson. On October 4, 2002, Bank of America had an additional writ of garnishment issued. Thompson agrees that this writ of garnishment was properly served. On January 22, 2003, Bank of America had yet another writ of garnishment issued. On February 7, 2003, Thompson filed a motion to quash the October 4, 2002, writ of garnishment asserting that the payments from the annuity were not subject to garnishment.

The first issue presented is whether a lack of proper service of the first writ requires that the $27,750 held by Jefferson-Pilot be paid to Thompson. The second issue presented is whether the trial court erred in ordering Jefferson-Pilot to forward the future monthly payments to Bank of America under garnishment until the debt was paid or Thompson died.

*Amounts Due Under the Annuity From September 16, 1999 until October 4, 2002*

In the April 18, 2003, order at issue on this appeal, Bank of America was awarded the entire amount due and payable as back

payments under the annuity contract with Jefferson-Pilot. This issue involves the dispute over the total of $27,750 in back payments being held by Jefferson-Pilot as set out in the April 18, 2003, order. Thompson argues that the trial court erred in awarding Bank of America the back payments being held because there was never a valid writ of garnishment until the October 4, 2002, writ issued. Thus, Thompson argues that because the earlier September 16, 1999, writ was invalid, the payments were wrongfully held by Jefferson-Pilot and must be paid to Thompson. Thompson filed the motion to quash the September 16, 1999, writ of garnishment but failed to ever obtain a judicial determination of the merits of the motion before Bank of America filed the writ of garnishment on October 4, 2002, which Thompson agrees was valid.

■ A writ of garnishment is a suit directed to a third party to determine whether the third party possesses property of the judgment debtor. *Moory v. Quadras, Inc.*, 333 Ark. 624, 970 S.W.2d 275 (1998); *New York Life Ins. Co. v. Cherry*, 185 Ark. 984, 50 S.W.2d 584 (1932). The facts show that at the time the October 4, 2002 writ of garnishment issued, Jefferson-Pilot held $27,750 in annuity payments due Thompson that had accrued since the first writ of garnishment was issued on September 16, 1999. Thompson argues that Bank of America should not be allowed to obtain the $27,750, because Bank of America failed to obtain a valid writ of garnishment until after the amount was accrued and owed to Thompson.

■ The effect of the service of a writ of garnishment is to impound all property in the hands of the third-party garnishee that belongs to the judgment debtor at the time of the service, or that may thereafter come into his or her possession up until the filing of a true and correct answer. *Harris v. Harris*, 201 Ark. 684, 146 S.W.2d 539 (1941). A writ of garnishment reaches all property of the judgment debtor in the hands of the third-party garnishee. Arkansas Code Annotated Section 16-110-401 (Supp. 2003) provides in pertinent part:

> (a)(1) In all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of the courts, *and the plaintiff shall have reason to believe that any other person is indebted to the defendant or has in his hands or possession goods and chattels, moneys, credits, and effects belonging to the defendant, the plaintiff may sue out a writ of garnishment,*

setting forth the claim, demand, or judgment and commanding the officer charged with the execution thereof to summon the person therein named as garnishee, to appear at the return day of the writ and answer what goods, chattels, moneys, credits, and effects he may have in his hands or possession belonging to the defendant to satisfy the judgment, and answer such further interrogatories as may be exhibited against him.

Ark. Code Ann. § 16-110-401(a)(1) (Supp. 2003)(emphasis added).

Thompson agrees that the writ of garnishment issued on October 4, 2002, was properly filed and served. Thompson also admits that Jefferson-Pilot was indebted to him in the amount of $27,750 when the October 4, 2002, writ issued. The October 4, 2002, writ of garnishment reached all of Thompson's property or property owed to Thompson in the hands of Jefferson-Pilot on October 4, 2002, which included the $27,750 then due under the annuity. Thompson asserted by his October 6, 1999, motion to quash the September 16, 1999, writ of garnishment that Jefferson-Pilot was holding the annuity payments in error. Thompson could have sought a hearing and obtained the back payments at any time prior to the issuance of the October 4, 2002, writ of garnishment if the payments were improperly held, but failed to do so. By failing to seek a hearing and determination on his motion to quash the September 16, 1999, writ of garnishment before the writ of garnishment was issued on October 4, 2002, Thompson waived any right he had to challenge Jefferson-Pilot's decision to withhold the. annuity payments. Waiver means the intentional relinquishment of a known right. *Winkle v. State*, 310 Ark. 713, 841 SW2d 589 (1992); *Johnson v. Zewrbst*, 304 US 458 (1938). On October 4, 2002, Jefferson-Pilot held $27,750 it admits was owed to Thompson. When a writ of garnishment is issued, it reaches money held by others belonging to the defendant, in this case Thompson. Ark. Code Ann. § 16-110-401(a)(1). The sum was subject to garnishment as money then owing by Jefferson-Pilot to Thompson.

### Right to Future Annuity Proceeds

Thompson also asserts that the trial court erred in finding that Bank of America had a right to ongoing garnishment of future monthly payments under the annuity until the judgment is satisfied or until Thompson's death. This issue involves the question of

whether Bank of America may garnish the flow of annuity payments instead of suing on each monthly payment. As Thompson notes, the payments are certainly due if Thompson is alive and certainly not due if Thompson is dead. Thompson argues that because the monthly payments are contingent on his continued life, they are not certain, and may only be garnished each month as Jefferson-Pilot's contractual obligation under the annuity contract ripens and a payment becomes due. In essence, Thompson argues that although there is an ongoing contractual obligation to him under the annuity contract to make the monthly annuity payments, there is no indebtedness to garnish until the day the monthly payment is due arrives and Thompson is alive.

■■ Garnishment in Arkansas is a purely statutory remedy in derogation of the common law and must be strictly construed. *Beasley v. Haney*, 96 Ark. 568, 132 S.W. 646 (1910).

> Any statute in derogation of the common law will be strictly construed. Although the General Assembly has the power to alter the common law, a legislative act will not be construed as overruling a principle of common law unless it is made plain by the act that such a change in the established law is intended. *Hartford Ins. Co. v. Mullinax*, 336 Ark. 335, 984 S.W.2d 812 (1999).

*Books-A-Million, Inc. v. Arkansas Painting and Specialities Co.*, 340 Ark. 467, 470, 10 S.W.3d 857 (2000). In *G.A.C. Trans-World Accept. Corp. v. Jaynes Enterprises, Inc.* 255 Ark. 752, 502 S.W.2d 651 (1973), this court stated of garnishment:

> We have frequently, and without exception, held that garnishment is a statutory procedure and that strict compliance with garnishment statutes is essential to the validity of the proceeding. *Hervey v. The Farms, Inc.*, 252 Ark. 881, 481 S.W.2d 348; *Roach v. Henry*, 186 Ark. 884, 56 S.W.2d 577 *Missouri Pacific H. Co. v. McLendon,* 185 Ark. 204, 46 S.W.2d 626; *Schiele v. Dillard*, 94 Ark. 277, 126 S.W. 835; *First National Bank of Huttig v. Rhode Island Insurance Company*, 184 Ark. 812, 43 S.W.2d 535.

*Jaynes*, 255 Ark. at 756.

■ Arkansas Code Annotated § 16-110-402 (Supp. 2003) provides that where a person has obtained a judgment and wishes to satisfy it, he or she may obtain issuance of a writ of garnishment and require the appearance of a person thought to be indebted to

the judgment debtor. In the case before us, Thompson has a right to $750 per month from Jefferson-Pilot as long as he may live. Jefferson-Pilot has a contractual obligation to pay Thompson the sum of $750 each month, but there is no debt presently due or certain to come due until the day of payment arrives and Thompson is alive. *Cannaday v. First Natl. Bank of Fayettville*, 238 Ark. 474, 382 S.W.2d 589 (1964), is instructive. In *Cannaday,* the writ of garnishment was issued before the money owed was paid into the court. This court in *Cannaday* stated:

> In the case of *Harris v. Harris*, 201 Ark. 684, 146 S.W.2d 539, this Court quoted with approval from 28 C.J. 129, 171, the following:
>
>> "Under some statutes it has been held that a debt not presently payable is not subject to Garnishment. But generally debts contracted, although not presently payable or matured, but which will certainly become payable in the future, may be reached. And this, although the terminology of the statute is that claims or debts 'due' may be garnished, the term 'due' being taken in its larger sense as importing merely an existing obligation, without reference to the time of payment."
>
> The *Harris* case has been cited with approval in *Miller v. Maryland Casualty Co.,* 207 Ark. 312 (p. 318), 180 S.W.2d 581 (p. 584); *Coward v. Barnes,* 232 Ark. 177 (p. 179) 334 S.W.2d 894 (p. 896); and *Gossett v. Merchants of Planters Bank*, 235 Ark. 665 (p. 667), 361 S.W.2d 537 (p. 538). It is not denied that the Bank was first to have a writ of garnishment filed against Cannaday. The lien thus created took effect at the time the writ was served. *See: Bergman v. Sells & Co.*, 39 Ark. 97 and the *Gossett case, supra.*

*Cannaday,* 238 Ark. at 478. *See also Bell v. West,* 241 Ark. 89, 406 S.W.2d 316 (1966). Thompson argues that because he might die, the debt is not certain and, therefore, under *Cannaday,* the annuity payments are not certain. Thompson cites *United States v. Wakefield,* 572 S.W.2d 569 (Tex. Ct. App. 1978), where the Texas Court of Appeals held that military retirement pay did not accrue unless Wakefield was alive. Therefore, the debt being garnished was contingently but not absolutely owed. On that basis, garnishment of the military retirement pay not yet due was denied. However, garnishment is a matter of statute. *Beasley, supra.* Our statute speaks of debt and pursuant to *Cannaday,* a debt not presently due but certain to come due may be subject to garnishment in Arkansas. Garnishment is

an attachment of the debt or a form of levy on the debt. *Lawrence v. Ford Motor Credit Co.*, 247 Ark. 1125, 449 S.W.2d 695 (1970). *Coward v. Barnes*, 232 Ark. 177, 334 S.W.2d 894 (1960) is further illustrative of the law in Arkansas. In *Coward*, garnishment was not permitted on an undetermined amount due on a debt. At issue was a crop that had only been partially harvested and on which no money had been received. Such a debt was found to be "entirely contingent" and not subject to garnishment. *See Wyatt Lumber & Supply Co. v. Hansen*, 201 Ark. 534, 147 S.W.2d 366 (1940). The nature and extent of property the third-party might possess of the judgment debtor in the future was uncertain. Similarly, whether Jefferson-Pilot becomes indebted subject to garnishment is entirely contingent on Thompson's continued life. We note that garnishment of wages as a flow of income is allowed in Arkansas, and might be compared to the flow of payments due under an annuity contract. However, garnishment of wages is expressly allowed under the statutes. Ark. Code Ann. § 16-110-415 (Supp. 2003).

The contractual obligation to pay Thompson is not triggered until a new month arrives and Thompson is alive. At that point, Jefferson-Pilot becomes indebted to Thompson in the amount of $750. The payment is contingent on Thompson surviving. In *Cannaday*, there was no such contingency. The debt in *Cannaday* was certain to become payable. That is not so in the present case until each payment becomes due.

The trial court is affirmed on allowing garnishment of the $27,750 that was due and owing to Thompson when the October 4, 2002, writ of garnishment was issued, and reversed on garnishment of the flow of monthly payments from Jefferson-Pilot.