SLIP OPINION

Cite as 2014 Ark. 62

# SUPREME COURT OF ARKANSAS

No. CV–13–692

J.B. HUNT, LLC

APPELLANT

V.

ROBERT B. THORNTON; FRIEDA V.
THORNTON; ROBERT B. AND
FRIEDA V. THORNTON, AS
TRUSTEES OF THE THORNTON
FAMILY CHARITABLE REMAINDER
ANNUITY TRUST NO. 1 U/T/D
JUNE 28, 1989, THE THORNTON
FAMILY CHARITABLE REMAINDER
ANNUITY TRUST NO. 2 U/T/D
JUNE 28, 1989, THE THORNTON
FAMILY CHARITABLE REMAINDER
ANNUITY TRUST NO. 3 U/T/D
JUNE 28, 1989, THE ROBERT B.
THORNTON AND FRIEDA V.
THORNTON CHARITABLE
REMAINDER ANNUITY TRUST
U/T/D DECEMBER 29, 1992, AND
THE ROBERT B. THORNTON AND
FRIEDA V. THORNTON
CHARITABLE UNITRUST U/T/D
DECEMBER 29, 1992; MERRILL
LYNCH, PIERCE, FENNER & SMITH,
INCORPORATED; METROPOLITAN
NATIONAL BANK; WEBSTER
CAPITAL FINANCE, INC.; BANC OF
AMERICA LEASING & CAPITAL, LLC;
COMPUTER REPAIR SERVICES,
LLC; CHAMBERS BANK; ST. MARY'S
HOSPITAL FOUNDATION; GENERAL
ELECTRIC CAPITAL
CORPORATION; JUDITH ANN

Opinion Delivered February 13, 2014

APPEAL FROM THE BENTON
COUNTY CIRCUIT COURT
[NO. CV-2009-3666-6, CV-10-3048,
CV-12-1667]

HONORABLE DOUG SCHRANTZ,
JUDGE

SLIP OPINION

THORNTON; STEPHEN ROBERT
THORNTON; BANK OF AMERICA,
NA; AND SUNTRUST EQUIPMENT
FINANCE & LEASING CORP.
                    APPELLEES

AFFIRMED.

**PAUL E. DANIELSON, Associate Justice**

Appellant J.B. Hunt, LLC, appeals from orders of the Benton County Circuit Court dismissing its second amended complaint for failure to state facts upon which relief could be granted and sustaining subsequent writs of garnishment filed by appellees Metropolitan National Bank, Webster Capital Finance, Inc., and Computer Repair Services, LLC. After review, we affirm.

The pertinent facts are these. J.B. Hunt is a judgment creditor of Robert and Frieda Thornton (the Thorntons) by virtue of a $12,700,000 judgment entered on March 16, 2011, in a prior case out of Benton County. The Thorntons are the trustees and life beneficiaries of five charitable-remainder trusts. Each trust provides that quarterly annuity distributions be made to the Thorntons until their deaths. On September 5, 2012, J.B. Hunt commenced an action pursuant to Ark. Code Ann. § 16-66-418 to attach the Thorntons' interest in future distributions from the trusts and apply them to the satisfaction of J.B. Hunt's judgment (hereinafter, "the attachment action"). In addition to the Thorntons, individually and in their capacities as trustees of the five trusts, the complaint named Merrill Lynch, Pierce, Fenner & Smith, Inc., as custodian of the investment accounts holding the assets of the trusts.

On November 26, 2012, the circuit court, on the motion of Banc of America Leasing & Capital, LLC (BALC), consolidated J.B. Hunt's attachment action with a case already pending in its court involving some of the same parties and common questions of law and fact as there was competition among various judgment creditors. Appellees Metropolitan National Bank, Webster Capital Finance, Inc., and BALC, were also judgment creditors of one or both of the Thorntons, were all parties in the consolidated case, and each filed a motion to dismiss J.B. Hunt's first amended complaint.[1] Metropolitan, Webster, and BALC all argued that the facts alleged by J.B. Hunt would not entitle it to relief under section 16-66-418 as that procedure was not the appropriate remedy.

The circuit court, in a letter opinion filed on February 27, 2013,[2] explained that in the two years preceding, there had been a "race to serve" on the trusts various writs of garnishment by judgment creditors and that their respective garnishments had been determined by "winning the race." It noted that J.B. Hunt was attempting to assert priority pursuant to Ark. Code Ann. § 16-66-418. However, the circuit court found that section 16-66-418 was to be used only when other remedies are unavailable or where other remedies are impractical, such as fraudulent conveyances of property. Therefore, the circuit court concluded that J.B. Hunt had the option of garnishment, that it had failed to allege fraud, an

---

[1]J.B. Hunt had filed a first amended complaint on October 22, 2012, shortly before its case was consolidated.

[2]Another order was filed on April 17, 2013, granting the motions "for the reasons set out in the Court's February 27, 2013 letter opinion."

SLIP OPINION

SLIP OPINION

absence of remedies, or other circumstances that would trigger an action under section 16-66-418, and that its complaint could not withstand the motions to dismiss. However, J.B. Hunt was given ten days to plead further.

On March 7, 2013, J.B. Hunt filed its second amended complaint. Metropolitan, Webster, BALC, and the Thorntons all filed motions to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. The circuit court entered an order granting the motions on May 20, 2013, for the reasons set forth in a letter opinion previously filed on April 11, 2013. In that letter opinion, the court explained that J.B. Hunt's revised complaint failed to offer facts to support a claim under section 16-66-418. The circuit court found that although J.B. Hunt argued that garnishment was an unavailable legal remedy because the debtors were insolvent, such an argument was not supported by case law and that a creditor may not claim a quarterly distribution until the date it became due. Because its order dismissed J.B. Hunt's action but not the entire consolidated action, the circuit court, on May 20, 2013, issued a Rule 54(b) certificate, in which it made the requisite findings pursuant to Ark. R. Civ. P. 54(b).

In addition to appealing from the order dismissing its action, J.B. Hunt is appealing four orders of the circuit court finding that Metropolitan, Webster, and Computer Repair Services (CRS) were entitled to certain distributions from the trusts.[3] J.B. Hunt had objected

---

[3]In an order dated May 20, 2013, the circuit court directed that Frieda Thornton's December 31, 2012 distributions be paid to Metropolitan. The court also ordered on that same date that Robert Thornton's distributions from December 2012 be paid to Webster. Those two garnishment orders were listed in the original notice of appeal. In an order dated

SLIP OPINION

to the relevant writs of garnishment, contending, as it did in its complaint and as it does on appeal, that it had created a superior lien pursuant to section 16-66-418. On J.B. Hunt's motion, the circuit court stayed its orders and directed that the distributions be deposited with the circuit clerk pending this appeal. We now turn to the argument on appeal.

J.B. Hunt asserts, as it did below, that the Arkansas Trust Code, specifically Ark. Code Ann. § 28-73-501, provides that a creditor may reach future distributions from a trust and that an appropriate mechanism for doing so is found in Ark. Code Ann. § 16-66-418. Appellees all argue that while attachments of future distributions may be authorized by section 28-73-501 in some situations, it is not permissible given the facts in the instant case. After considering all the arguments, we agree with the appellees.

The circuit court's order here granted motions to dismiss for failure to state a claim under Ark. R. Civ. P. 12(b)(6) and, therefore, our standard of review is whether the court abused its discretion in dismissing the complaint. *See Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324. In making this determination, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See id*. Also, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be

June 11, 2013, the circuit court directed that the March 31, 2013 distributions payable to Frieda Thornton should be paid to Metropolitan and that the March 2013 distributions payable to Robert should be awarded one-half each to Metropolitan and Webster. J.B. Hunt timely amended its notice of appeal on June 19, 2013 to include that order. Finally, in an order dated July 5, 2013, the circuit court overruled objections of BALC and J.B. Hunt to CRS being entitled to certain September 2012 distributions, but stayed distribution pending this appeal. J.B. Hunt timely appealed from that order with a second amended notice of appeal filed on July 16, 2013.

SLIP OPINION

liberally construed. *See id.*

The relevant section of the Arkansas Trust Code for creditor's claims is section 28-73-501, which reads:

> To the extent a beneficiary's interest is not protected by a spendthrift provision, *a court may authorize a creditor or assignee of the beneficiary to reach the beneficiary's interest by attachment of present or future distributions to or for the benefit of the beneficiary or other means.* The court may limit the award to such relief as is appropriate under the circumstances.

Ark. Code Ann. § 28-73-501 (Repl. 2012) (emphasis added).

Section 28-73-501 was derived from the Uniform Trust Code and the corresponding commentary reads:

> This does not necessarily mean that the creditor can collect all distributions made to the beneficiary. *The interest may be too indefinite or contingent for the creditor to reach* or the interest may qualify for an exemption under the state's general creditor exemption statutes.
>
> . . . .
>
> *This section does not prescribe the procedures ("other means") for reaching a beneficiary's interest or of priority among claimants, leaving those issues to the enacting State's laws on creditor rights.* This section does clarify, however, that an order obtained against the trustee, whatever state procedures may have been used, may extend to future distributions whether made directly to the beneficiary or to others for the beneficiary's benefit. By allowing an order to extend to future payments, the need for the creditor periodically to return to court will be reduced.

Unif. Trust Code § 501 cmt. (Amended 2010) (emphasis added).

The commentary to section 501 makes it clear that a creditor may not be allowed to reach a contingent interest of a debtor and that the state must prescribe the procedures for reaching a beneficiary's interest when there is an issue of priority among claimants. In Arkansas, we have garnishment proceedings provided for in our statutes. Arkansas Code



Annotated § 16-110-402 (Repl. 2006) provides that where a person has obtained a judgment and wishes to satisfy it, he or she may obtain issuance of a writ of garnishment and require the appearance of a person thought to be indebted to the judgment debtor. A writ of garnishment is a suit directed to a third party to determine whether the third party possesses property of the judgment debtor. *See Thompson v. Bank of Am.*, 356 Ark. 576, 157 S.W.3d 174 (2004). A writ of garnishment reaches all property of the judgment debtor in the hands of the third-party garnishee. *See id.* The effect of the service of a writ of garnishment is to impound all property in the hands of the third-party garnishee that belongs to the judgment debtor at the time of the service, or that may thereafter come into his or her possession up until the filing of a true and correct answer. *See id.*

In the instant case, there is no dispute that J.B. Hunt was a judgment creditor of the Thorntons. However, it sought below for the circuit court to find that it was entitled to the Thorntons' future distributions. This court has held that a payment contingent on an individual's survival is not certain and does not become so until each payment becomes due. *See id.* When payment is contingent, garnishment of future payments is not permitted. *See id.* Unfortunately for J.B. Hunt, the Thorntons' future distributions are not certain because they are contingent upon survival of the beneficiaries.

Presumably, it is because of this limitation that J.B. Hunt attempted to bring its claim against the Thorntons pursuant to Ark. Code Ann. § 16-66-418 and establish an equitable lien against their interests. Section 16-66-418, entitled "Discovery in aid of execution – Equitable proceedings – Attachment," reads, in relevant part:

(a)(1) After an execution of fieri facias directed to the county in which the judgment was rendered or to the county of the defendant's residence is returned by the proper officer, either as to the whole or part thereof, in substance, no property found to satisfy the execution, the plaintiff in the execution may institute an action in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled to the satisfaction of the judgment.

(2) In such actions, persons indebted to the defendant in the execution or holding the money or property in which he has an interest, or holding the evidences or securities for the same, may be also made defendants.

. . . .

(d) A lien shall be created upon the property of the defendant, the levy of the attachment, or service of the summons with the object of the action endorsed thereon, on the person holding or controlling his property.

Ark. Code Ann. § 16-66-418(a), (d) (Repl. 2005).

A review of our case law reveals that this is not the typical procedure used by a judgment creditor for satisfaction of the judgment, and the appellees also urge it is not the remedy intended by the legislature under the circumstances in the instant case. J.B. Hunt cites to *Miller v. Maryland Casualty Co.*, 207 Ark. 312, 180 S.W.2d 581 (1944), for support of its argument on appeal.

In *Miller*, this court affirmed a pre-Amendment 80, chancery court's decision to provide equitable relief in a suit for a creditor's bill and to allow a defendant with no other legal remedy to attach a lien to certain trust interests. Maryland Casualty Company had recovered a judgment in the United States District Court for the Southern District of Texas against Mrs. Anne Wood Locher, a Texas resident, for $13,000, and a nulla bona return was

SLIP OPINION

made on the execution issued on that judgment. *See id.* Thereafter, Maryland Casualty filed a claim in the nature of a creditor's suit, or equitable execution. *See id.* Although Locher had notice of the suit, she did not enter an appearance, and the court never obtained personal jurisdiction over her in Arkansas. *See id.* Additionally, Locher had no property in Texas or elsewhere subject to execution or attachment except her equitable interest in the trust administered in Arkansas. *See id.* Accordingly, the chancery court enjoined the trustees from paying Locher any of the future net income of her share of the trust and decreed that the trustees should pay the future income of Locher's share of the trust, during the lifetime of Mrs. Locher, to Maryland Casualty until the judgment was fulfilled. *See id.* This court ultimately held that, under the circumstances, equitable relief was proper, and affirmed the chancery court's decree. *See id.* In specifically discussing whether Locher's interest was subject to seizure, the court noted that "[a]ny beneficial interest of a debtor in real or personal property *which cannot be reached by regular process of law* and is not expressly exempted by statute may be reached by a creditors' bill and subjected to the payment or satisfaction of the debt." *Miller*, 207 Ark. at 326, 180 S.W.2d at 588 (emphasis added) (quoting 21 C.J.S. *Creditors' Suits* § 19, at 1068).

Appellees are quick to point out the differences between the facts in *Miller* and the facts in the instant case. In *Miller*, the debtor was a nonresident of Arkansas, the judgment creditor could not obtain personal jurisdiction over the debtor, and the court found that the distributions could not be reached by any other legal process. It is also notable that only one judgment creditor appeared to be involved. Here, not one of those circumstances is

applicable. J.B. Hunt argues that because garnishment does not allow it to reach the Thorntons' future trust distributions, then it also had no legal means or legal process to reach those distributions. However, we note that while the future distributions are not reachable by garnishment in the present, they do become reachable when they become due. Therefore, it is not the equivalent of a certain property or interest of a debtor that will never be reachable by any other legal process.

J.B. Hunt also cites to *Cummings v. Fingers*, 296 Ark. 276, 753 S.W.2d 865 (1988), in which this court reversed and remanded the case for transfer to a chancery court because the circuit court lacked jurisdiction to grant and enforce a lessor's equitable attachment proceedings against funds held by the Agriculture Stabilization and Conservation Service (ASCS). The funds held by the ASCS were federally exempt from a garnishment action. Therefore, this court held that the appropriate remedy was found in section 16-66-418 and that a court of equity would have jurisdiction. Again, what is illustrated in *Cummings* is that an action pursuant to section 16-66-418 is appropriate only when an equitable remedy is being sought because there is no other legal process that can be utilized. Such is not the case for J.B. Hunt.

Because J.B. Hunt's complaint improperly sought the Thorntons' uncertain future distributions from the trusts, the circuit court did not abuse its discretion in dismissing it.[4]

---

[4]The dissent incorrectly concludes that J.B. Hunt has no legal remedy and ignores that the terms of the trust are such that the Thorntons' interest is contingent. Once the Thorntons' quarterly payment is due and they are alive, then they have will have a valid interest and, thus, so will J.B. Hunt. Garnishment will then provide J.B. Hunt with the

For that reason, we affirm.

For its second point on appeal, J.B. Hunt argues that because the circuit court erred when it dismissed J.B. Hunt's attachment action, it also erred when it sustained the subsequently served garnishments. However, as previously discussed, we do not conclude that the circuit court erred in dismissing J.B. Hunt's action. Therefore, we do not reach this argument.

Affirmed.

BAKER and HART, JJ., dissent.

**JOSEPHINE LINKER HART, dissenting.** Our case law on creditor's bills, and Arkansas Code Annotated section 16-66-418 (Repl. 2005), provide a remedy by which J.B. Hunt, LLC (Hunt), as a judgment creditor of Robert and Frieda Thornton (the Thorntons), may attach the Thorntons' equitable interests in five charitable-remainder trusts of which the Thorntons are trustees and life beneficiaries. Thus, I respectfully dissent.

Hunt's second amended complaint stated that it was "an action in the nature of a creditor's bill brought to subject the equitable interests" of the Thorntons in certain trusts "to attach their equitable interests in future distributions" from those trusts to satisfy a judgment in favor of Hunt. The complaint alleged that Hunt is a judgment creditor, that Hunt had caused a writ of execution to be issued and executed upon the Thorntons, and that the writ had been returned indicating that there was no property to satisfy the execution. The

---

appropriate remedy at law. While it is understandable that J.B. Hunt does not want to wait in line as a creditor, that is how this area of the law is structured.

complaint further alleged that the Thorntons' "present equitable interests in future distributions" from the trusts "are not legal interests and cannot be reached through the legal processes of garnishment or execution," and therefore, there were "no legal remedies" through which Hunt "may subject the Thorntons' equitable interests" in the trusts to satisfy the judgment. The complaint alleged that a "creditor's bill" is the "only means that exists for Hunt to attach or otherwise reach the Thorntons' equitable interests in future distributions" from the trusts. In his claim for relief, Hunt cited section 16-66-418, asserting that the statute allowed Hunt to institute the action for the purpose of subjecting the Thorntons' equitable interests in the trusts to the satisfaction of the judgment. The complaint asked that the court enter an order finding that Hunt had attached the Thorntons' equitable interests in future distributions from the trusts.

The majority concludes that the circuit court properly dismissed Hunt's complaint. In reaching that decision, the majority acknowledges that Hunt is a judgment creditor of the Thorntons. The majority further acknowledges that, in keeping with *Thompson v. Bank of Am.*, 356 Ark. 576, 157 S.W.3d 174 (2004), Hunt may not use garnishment as a means to reach the Thorntons' future distributions from the trusts because the distributions are contingent upon the survival of the beneficiaries. Nevertheless, the majority concludes that "while the future distributions are not reachable by garnishment in the present, they do become reachable when they become due," and therefore, "it is not the equivalent of a certain property or interest of a debtor that will never be reachable by any other legal means."

In so holding, the majority misapprehends case law from this court supporting Hunt's

SLIP OPINION

use of a creditor's bill in these circumstances. In *Miller v. Maryland Casualty Company*, 207 Ark. 312, 180 S.W.2d 581 (1944), this court answered the question posed in this appeal, specifically, whether a creditor may attach a debtor's equitable interest in a trust through use of a creditor's bill. In *Miller*, the Maryland Casualty Company (MCC) obtained a judgment in federal court in Texas against Anne Wood Locher, and a nulla bona return was made on the execution issued on that judgment. *Id*. at 313, 180 S.W.2d at 582. MCC brought suit in Arkansas based on the unsatisfied Texas federal judgment and the return. *Id*. at 313–14, 180 S.W.2d at 582. The complaint alleged that Locher was the beneficiary of a trust for and during her natural life. *Id*. at 314, 180 S.W.2d at 582. The complaint prayed that the annual payments made to Locher should be paid to MCC during the life of Locher until the Texas judgment should be satisfied. *Id*., 180 S.W.2d at 582. The complaint alleged that Locher was insolvent and that there was no property belonging to her in Arkansas. *Id*. at 313–14, 180 S.W.2d at 582. The circuit court granted MCC's request. *Id*. at 314–15, 180 S.W.2d at 583.

The court first addressed whether the Texas judgment had to be domesticated. The court concluded that it did not, stating that the "Texas judgment and the nulla bona return thereon and the proof of Mrs. Locher's insolvency and absence from this State dispense with the necessity of a domestic judgment." *Id*. at 316–17, 180 S.W.2d at 583–84.

The *Miller* court further addressed whether Locher's interest was subject to seizure. The court concluded that Locher's life income from the trust was subject to seizure. The court stated as follows:

In 21 C.J.S. 1065 in discussing property that may be reached by creditors' suit it is

stated that a vested interest in an estate can be seized; and in 21 C.J.S. 1068 it is stated: "Any beneficial interest of a debtor in real or personal property which cannot be reached by regular process of law and is not expressly exempted by statute may be reached by a creditors' bill and subjected to payment or satisfaction of the debt; . . ." In 32 Ann. Cas. 945, there is an exhaustive note on the subject "property reachable by creditors' bill"; and cases from many jurisdictions are cited to sustain the statement to-wit: "It may be stated generally that the interest of a debtor under a trust may be reached by a creditors' bill unless it has been placed beyond the reach of his creditors by a valid provision in the instrument creating the trust."

In 26 R.C.L. 1268, the rule is stated: "If property is conveyed in trust, so that the trustee shall take the rents and profits and apply them to the support and maintenance of designated persons during their lives (as distinguished from a mere right of support out of a fund), the beneficiaries have the right to the whole of the fund thus created and not a mere right to support out of it; the trust created is not a spendthrift trust, but the interest of the beneficiaries is assignable and may be subjected to the payment of their debts by proceedings in equity."

*Miller*, 207 Ark. at 326–27, 180 S.W.2d at 588.

*Miller* holds that any beneficial interest of a debtor in property that cannot be reached by regular process of law may be reached by a creditors' bill and subjected to the payment or satisfaction of the debt. This is in keeping with general law on creditor's bills, as "[a] creditor's bill or equitable execution is a means of obtaining execution of a judgment when the usual means of execution are not sufficient." David Newbern, John J. Watkins, & D.P. Marshall, Jr., *2 Ark. Practice Series: Ark. Civ. Prac. & Proc.* § 33:9, at 725 (5th ed. 2010). It has been noted that creditors' suits or creditors' bills are bills in equity filed by creditors to reach and subject to the payment of their debts so-called equitable property or assets that cannot be reached by a levy and sale on execution at law. 21 C.J.S. *Creditor and Debtor* § 101 (2006).

Any beneficial interest of a debtor in real or personal property that cannot be reached by regular process of law and is not expressly exempted by statute may be reached by a

SLIP OPINION

creditors' bill and subjected to the payment or satisfaction of the debt. *Id.* § 104. In view of the general rule that a creditor cannot come into equity to obtain satisfaction of his or her claim out of property not reachable by legal process until the creditor has exhausted his or her remedies at law and shown them to be unavailing, a creditor who seeks equitable relief to accomplish that purpose must, in order to comply with that rule, not only obtain a judgment as a condition of the right to such relief, but also must be able to show that an execution has been issued in the form and manner required by law and has been returned unsatisfied in whole or in part. 21 Am. Jur. 2d *Creditors' Bills* § 16 (1998). The general rule is that when the execution has been returned unsatisfied, this is sufficient proof of the exhaustion of the remedy at law, and the way is open to the creditor's equitable action. *Id.* § 18. The interest of a debtor in a trust estate created by him for his own benefit may be reached by a creditor's bill. *Id.* § 33.

Further, section 16–66–418 provides in part as follows

> (a)(1) *After an execution of fieri facias* directed to the county in which the judgment was rendered or to the county of the defendant's residence *is returned* by the proper officer, either as to the whole or part thereof, in substance, *no property found to satisfy the execution, the plaintiff in the execution may institute an action* in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, *for the discovery of any* money, chose in action, *equitable* or legal *interest*, and all other property to which the defendant is entitled, *and for subjecting the* money, chose in action, *equitable* or legal *interest*, and all other property to which the defendant is entitled *to the satisfaction of the judgment.*
>
> (2) In such actions, persons indebted to the defendant in the execution or holding the money or property in which he has an interest, or holding the evidences or securities for the same, may be also made defendants.
> . . . .
> (d) A lien shall be created upon the property of the defendant, the levy of the

15


> attachment, or service of the summons with the object of the action endorsed thereon, on the person holding or controlling his property.

Ark. Code Ann. § 16-66-418(a)(1) (emphasis added). Thus, "[i]f the executing officer returns the writ stating that no property of the judgment debtor can be found or that found property is insufficient to satisfy the judgment, the judgment creditor may begin an independent action to discover the assets of the debtor," and "[i]f property is thus discovered, the judgment creditor may have the property subjected" to attachment. Newbern, et al., *supra*, § 33:8, at 724.

As the majority acknowledges, Hunt has no legal remedy, as garnishment is unavailable to reach the future distributions from the trusts. In accordance with section 16-66-418(a)(1), Hunt executed, no property was found to satisfy the execution, and Hunt instituted an action for subjecting the Thorntons' equitable interest in the trusts to the satisfaction of Hunt's judgment. Consequently, as in *Miller*, and in accordance with section 16-66-418, Hunt may execute upon the Thorntons' equitable interests in the trusts.

As noted by the majority, while the circuit court granted Hunt leave to plead further, it also observed in its February 27, 2013 letter that "in the two years preceding, there had been a 'race to serve' on the trusts various writs of garnishment by judgment creditors and that their respective garnishments had been determined by 'winning the race.'" For the purposes of maintaining a creditor's bill, an adequate remedy at law is one that is specific and adapted to securing relief conveniently, effectively, and completely. 21 C.J.S. *Creditor and Debtor* § 102. Garnishment is unavailable, and waiting for these equitable interests to become subject

to a writ of garnishment so that the creditors can race to serve is not convenient, effective, or complete. Moreover, the circuit court concluded in its letter that section 16-66-418 is to be used only when other remedies are unavailable or when other remedies are impractical, noting that it is commonly used in fraudulent conveyances of property. It is not, however, limited to fraudulent conveyances. Moreover, the Thorntons' future distributions from the trusts are quantifiable, and future interests are subject to sale. Accordingly, I would reverse the circuit court's decision.

BAKER, J., joins in this dissent.

*Lax, Vaughan, Fortson, Jones & Rowe, P.A.*, by: *Grant E. Fortson* and *Roger D. Rowe*, for appellant.

*Williams & Anderson PLC*, by: *Andrew King* and *Alec Gaines*, for appellee Metropolitan National Bank.

*Watkins, Boyer, Gray & Noblin, PLLC*, by: *Jennifer E. Gray*, for appellee Webster Capital Finance, Inc.

*Story Law Firm, PLLC*, by: *Travis W. Story* and *Ryan Renauro*, for trust appellees.