JOSEPHINE LINKER HART, dissenting. Our case law on creditor’s bills, and Arkansas Code Annotated section 16-66-418 (Repl.2005), provide a remedy by which J.B. Hunt, LLC (Hunt), as a judgment creditor of Robert and Frieda Thornton (the Thorntons), may attach the Thorntons’ equitable interests in five charitable-remainder trusts of which the Thorntons are trustees and life beneficiaries. Thus, I respectfully dissent. Hunt’s second amended complaint stated that it was “an action in the nature of a creditor’s bill brought to subject the equitable interests” of the Thorntons in certain trusts “to attach their equitable interests in future distributions” from those trusts to satisfy a judgment in favor of Hunt. The complaint alleged that Hunt is a judgment creditor, that Hunt had caused a writ of execution to be issued and executed upon the Thorntons, and that the writ had been returned indicating that' there was no properly to satisfy the execution. The | ^complaint further alleged that the Thorntons’ “present equitable interests in future distributions” from the trusts “are not legal interests and cannot be reached through the legal processes of garnishment or execution,” and therefore, there were “no legal remedies” through which Hunt “may subject the Thorntons’ equitable interests” in the trusts to satisfy the judgment. The complaint alleged that a “creditor’s bill” is the “only means that exists for Hunt to attach or otherwise reach the Thorntons’ equitable interests in future distributions” from the trusts. In his claim for relief, Hunt cited section 16-66-418, asserting that the statute allowed Hunt to institute the action for the purpose of subjecting the Thorntons’ equitable interests in the trusts to the satisfaction of the judgment. The complaint asked that the court enter an order finding that Hunt had attached the Thorntons’ equitable interests in future distributions from the trusts. The majority concludes that the circuit court properly dismissed Hunt’s complaint. In reaching that decision, the majority acknowledges that Hunt is a judgment creditor of the Thorntons. The majority further acknowledges that, in keeping with Thompson v. Bank of Am., 356 Ark. 576, 157 S.W.3d 174 (2004), Hunt may not use garnishment as a means to reach the Thorntons’ future distributions from the trusts because the distributions are contingent upon the survival of the beneficiaries. Nevertheless, the majority concludes that “while the future distributions are not reachable by garnishment in the present, they do become reachable when they become due,” and therefore, “it is not the equivalent of a certain property or interest of a debtor that will never be reachable by any other legal means.” In so holding, the majority misapprehends case law from this court supporting Hunt’s hsuse of a creditor’s bill in these circumstances. In Miller v. Maryland Casualty Company, 207 Ark. 312, 180 S.W.2d 581 (1944), this court answered the question posed in this appeal, specifically, whether a creditor may attach a debtor’s equitable interest in a trust through use of a creditor’s bill. In Miller, the Maryland Casualty Company (MCC) obtained a judgment in federal court in Texas against Anne Wood Locher, and a nulla bona return was made on the execution issued on that judgment. Id. at 313, 180 S.W.2d at 582. MCC brought suit in Arkansas based on the unsatisfied Texas federal judgment and the return. Id. at 313-14, 180 S.W.2d at 582. The complaint alleged that Locher was the beneficiary of a trust for and during her natural life. Id. at 314, 180 S.W.2d at 582. The complaint prayed that the annual payments made to Locher should be paid to MCC during the life of Locher until the Texas judgment should be satisfied. Id., 180 S.W.2d at 582. The complaint alleged that Locher was insolvent and that there was no property belonging to her in Arkansas. Id. at 313-14, 180 S.W.2d at 582. The circuit court granted MCC’s request. Id. at 314-15, 180 S.W.2d at 583. The court first addressed whether the Texas judgment had to be domesticated. The court concluded that it did not, stating that the “Texas judgment and the nulla bona return thereon and the proof of Mrs. Locher’s insolvency and absence from this State dispense with the necessity of a domestic judgment.” Id. at 316-17, 180 S.W.2d at 583-84. The Miller court further addressed whether Locher’s interest was subject to seizure. The court concluded that Loch-er’s life income from the trust was subject to seizure. The court stated as follows: In 21 C.J.S. 1065 in discussing property that may be reached by creditors’ suit it is 1 ustated that a vested interest in an estate can be seized; and in 21 C.J.S. 1068 it is stated: “Any beneficial interest of a debtor in real or personal property which cannot be reached by regular process of law and is not expressly exempted by statute may be reached by a creditors’ bill and subjected to payment or satisfaction of the debt; ...” In 32 Ann. Cas. 945, there is an exhaustive note on the subject “property reachable by creditors’ bill”; and cases from many jurisdictions are cited to sustain the statement to-wit: “It may be stated generally that the interest of a debtor under a trust may be reached by a creditors’ bill unless it has been placed beyond the reach of his creditors by a valid provision in the instrument creating the trust.” In 26 R.C.L. 1268, the rule is stated: “If property is conveyed in trust, so that the trustee shall take the rents and profits and apply them to the support and maintenance of designated persons during their lives (as distinguished from a mere right of support out of a fund), the beneficiaries have the right to the whole of the fund thus created and not a mere right to support out of it; the trust created is not a spendthrift trust, but the interest of the beneficiaries is assignable and may be subjected to the payment of their debts by proceedings in equity.” Miller, 207 Ark. at 326-27, 180 S.W.2d at 588. Miller holds that any beneficial interest of a debtor in property that cannot be reached by regular process of law may be reached by a creditors’ bill and subjected to the payment or satisfaction of the debt. This is in keeping with general law on creditor’s bills, as “[a] creditor’s bill or equitable execution is a means of obtaining execution of a judgment when the usual means of execution are not sufficient.” David Newbern, John J. Watkins, & D.P. Marshall, Jr., 2 Ark. Practice Series: Ark. Civ. Prac. & Proc. § 33:9, at 725 (5th ed.2010). It has been noted that creditors’ suits or creditors’ bills are bills in equity filed by creditors to reach and subject to the payment of their debts so-called equitable property or assets that cannot be reached by a levy and sale on execution at law. 21 C.J.S. Creditor and Debtor § 101 (2006). Any beneficial interest of a debtor in real or personal property that cannot be reached by regular process of law and is not expressly exempted by statute may be reached by a | ^creditors’ bill and subjected to the payment or satisfaction of the debt. Id. § 104. In view of the general rule that a creditor cannot come into equity to obtain satisfaction of his or her claim out of property not reachable by legal process until the creditor has exhausted his or her remedies at law and shown them to be unavailing, a creditor who seeks equitable relief to accomplish that purpose must, in order to comply with that rule, not only obtain a judgment as a condition of the right to such relief, but also must be able to show that an execution has been issued in the form and manner required by law and has been returned unsatisfied in whole or in part. 21 Am.Jur.2d Creditors’ Bills § 16 (1998). The general rule is that when the execution has been returned unsatisfied, this is sufficient proof of the exhaustion of the remedy at law, and the way is open to the creditor’s equitable action. Id. § 18. The interest of a debtor in a trust estate created by him for his own benefit may be reached by a creditor’s bill. Id. § 33. Further, section 16-66-418 provides in part as follows (a)(1) After an execution of fieri faci-as directed to the county in which the judgment was rendered or to the county of the defendant’s residence is returned by the proper officer, either as to the whole or part thereof, in substance, no ;property found to satisfy the execution, the plaintiff in the execution may institute an action in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, for the discovery of any money, chose in action, equitable or legal interest, and all other properly to which the defendant is entitled, and for subjecting the money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled to the satisfaction of the judgment. (2) In such actions, persons indebted to the defendant in the execution or holding the money or properly in which he has an interest, or holding the evidences or securities for the same, may be also made defendants. [[Image here]] (d) A lien shall be created upon the property of the defendant, the levy of the | ^attachment, or service of the summons with the object of the action endorsed thereon, on the person holding or controlling his property. Ark.Code Ann. § 16 — 66—418(a)(1) (emphasis added). Thus, “[i]f the executing officer returns the writ stating that no property of the judgment debtor can be found or that found property is insufficient to satisfy the judgment, the judgment creditor may begin an independent action to discover the assets of the debtor,” and “[i]f property is thus discovered, the judgment creditor may have the property subjected” to attachment. Newbern, et al., supra, § 33:8, at 724. As the majority acknowledges, Hunt has no legal remedy, as garnishment is unavailable to reach the future distributions from the trusts. In accordance with section 16-66-418(a)(l), Hunt executed, no property was found to satisfy the execution, and Hunt instituted an action for subjecting the Thorntons’ equitable interest in the trusts to the satisfaction of Hunt’s judgment. Consequently, as in Miller, and in accordance with section 16-66-418, Hunt may execute upon the Thorntons’ equitable interests in the trusts. As noted by the majority, while the circuit court granted Hunt leave to plead further, it also observed in its February 27, 2013 letter that “in the two years preceding, there had been a ‘race to serve’ on the trusts various writs of garnishment by judgment creditors and that their respective garnishments had been determined by ‘winning the race.’ ” For the purposes of maintaining a creditor’s bill, an adequate remedy at law is one that is specific and adapted to securing relief conveniently, effectively, and completely. 21 C.J.S. Creditor and Debtor § 102. Garnishment is unavailable, and waiting for these equitable interests to become subject 117to a writ of garnishment so that the creditors can race to serve is not convenient, effective, or complete. Moreover, the circuit court concluded in its letter that section 16-66-418 is to be used only when other remedies are unavailable or when other remedies are impractical, noting that it is commonly used in fraudulent conveyances of properly. It is not, however, limited to fraudulent conveyances. Moreover, the Thorn-tons’ future distributions from the trusts are quantifiable, and future interests are subject to sale. Accordingly, I would reverse the circuit court’s decision. BAKER, J., joins in this dissent.