Cite as 2026 Ark. App. 339

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-814

| | |
|---|---|
| BANK OZK<br><br>APPELLANT<br><br>V.<br><br>ROBERT L. TANNER, AS TRUSTEE OF THE ROBER L. TANNER REVOCABLE TRUST DATED AUGUST 19, 1994; AND TANNER FAMILY, LLC, ON BEHALF OF THEMSELVES AND ALL OTHER TAXPAYERS SIMILARLY SITUATED; OZARK MOUNTAIN SOLID WASTE DISTRICT; BOONE COUNTY TAX COLLECTOR AMY JENKINS; ARKANSAS DEPARTMENT OF ENVIRONMENTAL QUALITY; AND LESLIE RUTLEDGE, ARKANSAS ATTORNEY GENERAL<br><br>APPELLEES | Opinion Delivered May 20, 2026<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CV-18-214]<br><br>HONORABLE JOHNNIE A. COPELAND, JUDGE<br><br>AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Boone County taxpayers successfully challenged an $18 charge that was added to their ad valorem tax bills in 2018. The purpose of the $18 charge was to repay bonds issued to the Ozark Mountain Solid Waste District (the "OMSWD").[1] In this appeal, Bank OZK

---

[1]The OMSWD provided trash-disposal services to Baxter, Boone, Carroll, Marion, Newton, and Searcy Counties, and there were illegal-exaction lawsuits in each of those counties.

challenges a garnishment order resulting from the illegal-exaction order entered by the Boone County Circuit Court. We affirm.

As explained in *Summers v. Bank OZK*, 2026 Ark. App. 352, ___ S.W.3d ___, which is also handed down today, Bank OZK filed a complaint in the Pulaski County Circuit Court for the appointment of a receiver over OMSWD in December 2014. A consent order was entered in May 2015 appointing a receiver. In April 2017, the Pulaski County Circuit Court entered an order approving the receiver's report that recommended OMSWD assess the $18 charge and instructing the receiver to cause the Boone County tax collector to deposit the proceeds from the charge into an account with Bank OZK annually so that Bank OZK could act as a payment agent.

Boone County taxpayers filed their illegal-exaction lawsuit in the Boone County Circuit Court on May 18, 2018. During the pendency of the litigation, the Boone County Circuit Court entered an order finding that Bank OZK was a necessary party, and the taxpayers added the bank as a defendant. Bank OZK moved to dismiss, arguing that it was not a necessary party because "complete relief can be granted among the original parties to this litigation." Bank OZK also argued, "Further, all proper claims related to this determination can be resolved without [Bank OZK], and [Bank OZK's] absence will not impair this determination nor leave any other party subject to a substantial risk of incurring multiple or inconsistent obligations." On December 17, 2021, the Boone County Circuit Court granted Bank OZK's motion to dismiss.

In a different order also entered on December 17, the Boone County Circuit Court held that the $18 charge was an illegal exaction. The order stated that "[a]ny payments of the $18.00 collected by the Tax Collector or Boone County Treasurer . . . prior to or subsequent to this Order, if any, should be paid into the Registry of the Boone County Circuit Clerk." No party appealed this order. At the time, Bank OZK had already filed the motion for interpleader in the Pulaski County Circuit Court receivership action discussed in *Summers*, and that court had granted the relief.

The Boone County taxpayers served a writ of garnishment on Bank OZK on June 10, 2022. The day before, the Pulaski County Circuit Court had entered an order finding that none of the six county courts, including the Boone County Circuit Court, had jurisdiction to determine the legality of the $18 charge, rendering those illegal-exaction orders void. The Pulaski County Circuit Court further found that the $18 charge was not an illegal exaction, and the court ordered Bank OZK to pay the interpleaded funds to the OMSWD's bondholders (the "PCCC June 2022 Order").

On October 2, 2023, the Boone County Circuit Court entered a garnishment order in reliance on both its December 2021 order that found the $18 charge an illegal exaction and Bank OZK's representations in its motion to dismiss. The circuit court found that Bank OZK was in possession of funds derived from OMSWD's imposition of the $18 charge and ordered that Bank OZK deliver to taxpayers' counsel the amount of $559,522.05 plus accrued interest. Bank OZK appealed this garnishment order.

I. *Jurisdiction*

Related to this appeal, two circuit courts have decided whether the $18 charge was an illegal exaction: the Boone County Circuit Court found that it was, and the Pulaski County Circuit Court found that it was not. The garnishment order at issue in this appeal was entered by the Boone County Circuit Court in reliance on its illegal-exaction finding. Bank OZK argues that the Pulaski County Circuit Court had priority jurisdiction to determine the illegal-exaction issue; the Boone County Circuit Court did not have jurisdiction to decide the issue; the Boone County Circuit Court's illegal-exaction finding is void; and accordingly, its garnishment order is void. An order that is void has no legal effect, and a garnishment cannot be based on such an order. *Bloodman v. Bill Fitts Auto Sales, Inc.*, 2024 Ark. App. 585, at 5–6, 701 S.W.3d 785, 789. Therefore, we must consider which court had jurisdiction to determine the illegal-exaction issue.

In *Summers*, this court held that the Pulaski County Circuit Court did not have jurisdiction over the Boone County illegal-exaction lawsuit. In light of that holding, the Boone County Circuit Court had jurisdiction over the illegal-exaction lawsuit, and its order holding the $18 charge was an illegal exaction is not void. Therefore, the garnishment order entered by the Boone County Circuit Court is not void.

Bank OZK also argues that the Pulaski County Circuit Court determined who was entitled to the funds during the interpleader action when it issued the PCCC June 2022 Order. Again, as analyzed in *Summers*, the PCCC June 2022 Order is void. No rights can be obtained from a void order. *Sutton v. Pickett*, 2021 Ark. App. 452, at 9, 638 S.W.3d 313, 319. Therefore, the Boone County Circuit Court had jurisdiction over the illegal-exaction matter

4

pending in its county and properly exercised its authority to determine who is entitled to the funds.[2]

For the reasons stated in *Summers*, the Pulaski County Circuit Court did not have jurisdiction to enter the PCCC June 2022 Order that found that there was no illegal exaction. The Boone County Circuit Court did have jurisdiction to enter its illegal-exaction order directing the return of the taxpayers' funds. Accordingly, we reject Bank OZK's argument that the Boone County Circuit Court's garnishment order is void because its illegal-exaction order was void.

## II. *Possession of the Funds*

Bank OZK argues that the money it holds belongs to the bondholders rather than the taxpayers; therefore, it does not possess property of any judgment debtor. "A writ of garnishment is a suit directed to a third party to determine whether the third party possesses property of the judgment debtor." *Thompson v. Bank of Am.*, 356 Ark. 576, 582, 157 S.W.3d 174, 178 (2004). Whether a garnishee is in possession of funds belonging to the judgment debtor is a question of fact. The standard of review when analyzing a factual matter in a garnishment proceeding is whether the circuit court's determination was clearly erroneous. *Id.* at 580, 157 S.W.3d at 176.

---

[2]We note that the Boone County Circuit Court decided that the taxpayers were entitled to the return of their illegally exacted taxes months before the Pulaski County Circuit Court entered a contradictory order.

As set forth in *Summers*, this court has held that the PCCC June 2022 Order is void and has no legal effect. Therefore, there is no basis for Bank OZK's contention that the money it is holding belongs to the bondholders rather than the taxpayers.[3]

In sum, the Boone County Circuit Court's garnishment order is not void and is not clearly erroneous. We affirm.

Affirmed.

THYER and BROWN, JJ., agree.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, and *Lance R. Miller*, for appellant.

*Matt Bishop* and *Wendy Howerton*, for separate appellee Robert L. Tanner.

---

[3]We note that Bank OZK represented to the Boone County Circuit Court that complete relief was possible without it being a party to the case. Complete relief would include payment of the funds that Bank OZK was holding on behalf of OMSWD. It was clear during the entire course of the Boone County lawsuit that the taxpayers might be successful, in which case the $18 charge would have to be refunded. If Bank OZK believed it would be put into an untenable position, then it could have continued defending the Boone County lawsuit instead of seeking dismissal and representing to that court that complete relief was possible in its absence.