Cite as 2026 Ark. App. 334

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-553

| | |
|---|---|
| BANK OZK<br><br>APPELLANT<br><br>V.<br><br>PAUL SUMMERS, AS TRUSTEE OF THE PAUL SUMMERS REVOCABLE TRUST DATED AUGUST 19, 2004; OZARK MOUNTAIN SOLID WASTE DISTRICT; AND CARROLL COUNTY TAX COLLECTOR KAY PHILLIPS<br>APPELLEES | Opinion Delivered May 20, 2026<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT<br>[NO. 08ECV-18-116]<br><br>HONORABLE SCOTT JACKSON, JUDGE<br><br>AFFIRMED IN PART; REVERSED IN PART |

**CINDY GRACE THYER, Judge**

As explained in *Summers v. Bank OZK*, 2026 Ark. App. 352, ___ S.W.3d ___, which is also being handed down today, the taxpayers in Carroll County challenged an $18 charge that was added to their ad valorem tax bills in 2018. The purpose of the $18 charge was to repay bonds issued to the Ozark Mountain Solid Waste District (the "OMSWD").[1] This case analyzes garnishment and contempt orders resulting from the illegal-exaction lawsuit in Carroll County.

---

[1]Although the orders at issue in this appeal were entered by the Carroll County Circuit Court, the OMSWD also included Baxter, Boone, Marion, Newton, and Searcy Counties, and there were illegal-exaction lawsuits in those counties as well.

The taxpayers of Carroll County filed their illegal-exaction lawsuit on May 16, 2018. The *Summers* opinion explains what happened in the Pulaski County Circuit Court before and after this Carroll County action was filed. As a reminder, the Pulaski County Circuit Court appointed a receiver for OMSWD. That receivership order instructed the receiver to cause the $18 charges to be transmitted annually by the Carroll County tax collector to Bank OZK so that Bank OZK could act as a payment agent. During the pendency of the Carroll County illegal-exaction lawsuit, the taxpayers filed a motion to enjoin the receiver from transferring the collected money to Bank OZK. They argued that the county tax collector should remain in possession of the funds because it was possible Bank OZK would transfer the funds to "unknown bondholders . . . [and] be impossible for the taxpayers to recover, regardless of the outcome of this litigation."

The receiver, acting on behalf of OMSWD, opposed this motion stating, "The Receiver has instructed [Bank OZK] not to make any distributions while the instant action is pending" and that "upon transmittal of the Service Fees collected in Carroll County to [Bank OZK], those funds will also be held while this action is pending." Further, the receiver stated, "[A]ny funds transmitted by Carroll County to the Receiver shall be held by [Bank OZK]. Should the Plaintiff prevail in this action . . . [Bank OZK] can transmit the funds back to the Carroll County Tax Collector for redistribution to the Plaintiff and other taxpayers."

In light of those representations, the Carroll County Circuit Court entered an order stating, "[T]he Receiver for the Ozark Mountain Solid Waste District, Geoffrey Treece, has represented to the Court that all funds collected from the $18.00 charge at issue and

2

previously transmitted to Bank OZK . . . will not be distributed to any third parties. It is the order of the Court that no such funds shall be released pending further orders of this Court."

On April 3, 2020, the Carroll County Circuit Court entered an order finding that the $18 charge was an illegal exaction. Before this ruling, $433,987.10 was collected from Carroll County taxpayers in 2018 and 2019. On April 27, the Carroll County Circuit Court further ordered that those funds be deposited into the registry of its court.

The April 3 illegal-exaction order was initially appealed by OMSWD. However, OMSWD moved to voluntarily dismiss the appeal after lodging the record. There has been no further attempt to appeal or modify the illegal-exaction order by any party.

The taxpayers first served a writ of garnishment on Bank OZK on June 23, 2020. On June 25, Bank OZK filed a motion for interpleader in the Pulaski County Circuit Court. In that motion, Bank OZK stated that it "is not in a position to determine how the Funds should be distributed." Bank OZK added the plaintiffs from the illegal-exaction lawsuits in Carroll County and five other counties in the OMSWD as respondents.

The Pulaski County Circuit Court granted the motion for interpleader the next day and ordered Bank OZK to deposit the $2,339,686.59 it had received from the collection of the $18 charges from Carroll County and the other five counties into the registry of the Pulaski County Circuit Court. The Pulaski County Circuit Court also stated that Bank OZK would be "discharged from any and all liability to Respondents with respect to any and all potential claims Respondents may have in the funds deposited into the registry of this Court." Further, "Respondents are enjoined from continuing the prosecution of any action

3

against Petitioner or this Court's Receiver, Geoffrey Treece, arising out of or in any way relating to the funds deposited into the registry of this Court, until such time as this Court resolves the claims and interests of the parties to the funds."

Ignoring the Pulaski County Circuit Court order, on July 30, the Carroll County Circuit Court ordered that "all sums recovered from the Tax Collector and/or Bank OZK and/or the Pulaski County Court Registry are to be paid into the Carroll County Circuit Clerk's Registry."

On June 9, 2022, the Pulaski County Circuit Court entered an order (the "PCCC June 2022 Order") purporting to assert jurisdictional priority, declaring the Carroll County Circuit Court's illegal-exaction order void, and finding that the $18 charge was not an illegal exaction. The PCCC June 2022 Order further stated,

> The Pulaski County Circuit Clerk is ordered to immediately tender all monies interpled into the registry of the court in this matter to the plaintiff as trustee of the subject bonds, for distribution by the trustee to the bondholders in accordance with the terms and conditions of the bond documents.

After the Pulaski County Circuit Court entered the PCCC June 2022 Order, the Carroll County taxpayers again served a writ of garnishment on Bank OZK. After a hearing, the Carroll County Circuit Court entered an order of garnishment on June 12, 2023, and ordered Bank OZK to deliver to taxpayers' counsel the $433,987.10.

Eleven days later, on June 23, Bank OZK filed a motion for a stay of enforcement of the garnishment order as well as for approval of a supersedeas bond. In that motion, Bank

4

OZK argued that it planned to file a notice of appeal. On July 5, Bank OZK filed its notice of appeal as to the order of garnishment.

When Bank OZK had not delivered the funds after a month, the Carroll County taxpayers filed a petition for contempt. At this point, the circuit court had not yet ruled on the motion to stay. The Carroll County Circuit Court held a hearing on the petition for contempt and then entered an order on August 17. First, the circuit court denied Bank OZK's motion for stay of enforcement and approval of the supersedeas bond and ordered Bank OZK to deliver $433,987.10 to the registry of the court. The circuit court also found Bank OZK in contempt and stated it could purge itself of contempt by delivering the sum to the registry of the court by August 15.[2] If Bank OZK did not deliver the funds by August 15, then beginning August 16, the court ordered the bank to pay $500 a day into the registry of the court.

Bank OZK then appealed the contempt order. Bank OZK moved this court for a stay of enforcement. We granted the stay and approved the bond, directing that the original supersedeas bond stay in the registry of the Carroll County Circuit Court while the appeal was pending.

I. *Jurisdiction*

An order that is void ab initio has no legal effect, and a garnishment cannot be based on such an order. *Bloodman v. Bill Fitts Auto Sales, Inc.*, 2024 Ark. App. 585, at 5–6, 701

---

[2]The date by which the sum was to be delivered was listed in the order as August 15 even though the order was entered on August 17.

S.W.3d 785, 789. Therefore, we must address the jurisdictional issue to determine whether the illegal-exaction order is void.

Bank OZK first argues that the Carroll County Circuit Court did not have jurisdiction to decide the illegal-exaction case, and therefore its illegal-exaction order is void. In *Summers*, we held that the Pulaski County Circuit Court did not have priority jurisdiction over the Carroll County illegal-exaction lawsuit. As a result of that holding, the Carroll County Circuit Court's order holding that the $18 charge was an illegal exaction is not void.

Bank OZK raises another jurisdictional argument regarding the order of garnishment. It argues that the Pulaski County Circuit Court had jurisdictional priority specifically over the funds sought by the garnishment because it was the first court to obtain jurisdiction over the issue of ownership of the funds in question.

We disagree. The Carroll County Circuit Court had jurisdiction over this lawsuit as of the date it was filed in 2018. The issue in the lawsuit was whether funds had been illegally taken from taxpayers—in other words, who owned the funds collected as a result of the $18 charge. Thus, it was the first court to assert jurisdiction over the issue of ownership of the funds. The Carroll County Circuit Court also had jurisdiction over the funds issue when it entered its April 3 order finding that an illegal exaction had occurred, and later on April 27 when it ordered that all sums collected were to be deposited into the court's registry. Both of those orders were entered before the interpleader action was filed in Pulaski County. In fact, as of April 27, when the Carroll County Circuit Court directed the money be deposited

6

into its registry, the Pulaski County Circuit Court had been involved only in a receivership action pertaining to OMSWD.

Bank OZK next argues that the Pulaski County Circuit Court determined who was entitled to the funds during the interpleader action when it issued the PCCC June 2022 Order. Again, as analyzed in *Summers*, the Carroll County Circuit Court, not the Pulaski County Circuit Court, had jurisdiction over the illegal-exaction matter pending in its county. Further, the Carroll County Circuit Court decided that the taxpayers were entitled to the return of their illegally exacted taxes years before the Pulaski County Circuit Court entered a contradictory order. Finally, we have determined that the PCCC June 2022 Order was void. No rights can be obtained from a void order. *Sutton v. Pickett*, 2021 Ark. App. 452, at 9, 638 S.W.3d 313, 318.

For these reasons, we hold that the Carroll County Circuit Court had jurisdiction to order the return of the taxpayers' funds and that the order was not void.

## II. *Possession of the Funds*

"A writ of garnishment is a suit directed to a third party to determine whether the third party possesses property of the judgment debtor." *Thompson v. Bank of Am.*, 356 Ark. 576, 582, 157 S.W.3d 174, 178 (2004). Whether a garnishee is in possession of funds belonging to the judgment debtor is a question of fact. The standard of review when analyzing a factual matter in a garnishment proceeding is whether the circuit court's determination was clearly erroneous. *Id.* at 580, 157 S.W.3d at 176.

Bank OZK's argument is that the money it is holding belongs to the bondholders rather than the taxpayers, and therefore, it does not possess property of any judgment debtor. First, we held that the PCCC June 2022 Order is void and has no legal effect. *Summers*, 2026 Ark. App. 352, ___ S.W.3d ___. Therefore, there is no basis for Bank OZK's contention that the money it is holding belongs to the bondholders rather than the taxpayers.

Further, the receiver, on behalf of OMSWD, made representations throughout the litigation that any money transferred to Bank OZK from the Carroll County tax collector would be held pending the conclusion of the illegal-exaction lawsuit. OMSWD even stated in one filing in the Carroll County Circuit Court that "[s]hould the Plaintiff prevail in this action. . . [Bank OZK] can transmit the funds back to the Carroll County Tax Collector for redistribution to the Plaintiff and other taxpayers."

Also importantly, Bank OZK's own representations during the hearing on the writ of garnishment contradict its argument on appeal. At the hearing, Bank OZK's counsel stated that Bank OZK had been issued a check from the Pulaski County Circuit Court registry and that the funds had not been paid to the bondholders. In other words, Bank OZK acknowledges that the funds are in its possession. To claim now that Bank OZK is powerless to relinquish the funds to the taxpayers is an attempt at procedural subterfuge.

In sum, the Carroll County Circuit Court's garnishment order is not void and is not clearly erroneous. We affirm.

III. *Contempt Order*

The final issue in this appeal is whether the contempt order against Bank OZK should be reversed. A court can hold an individual or entity in contempt when there is a "willful disobedience of a valid order of a court." *Erskin v. Stout*, 2015 Ark. App. 533, at 10, 472 S.W.3d 159, 165. The underlying order must be "definite in its terms, clear as to what duties it imposes, and express in its commands." *Id.* The order in this case is a mixed criminal- and civil-contempt order. It has criminal features because it orders Bank OZK to pay the fine to the court instead of to the taxpayers, and it has civil features because Bank OZK can purge itself of contempt by complying with the garnishment order. *See Potter v. Holmes*, 2020 Ark. App. 383, at 12–13, 608 S.W.3d 618, 626. In cases where the contempt order is mixed, this court applies the criminal-contempt standard of review. "In a criminal contempt proceeding, proof of contempt must exist in the circuit court beyond a reasonable doubt. On appellate review, we consider the evidence in the light most favorable to the circuit court's decision concerning the contempt and affirm if there is substantial evidence to support its decision." *Id.* at 13–14, 608 S.W.3d at 627.

The garnishment order in this case was definite, clear, and express. None of the parties argue otherwise.

The taxpayers contend that the contempt order was long overdue because the Carroll County Circuit Court ordered the payment of the judgment three different times before the contempt order—once in April 2020, once in July 2020, and once in the June 2023 garnishment order. In response, Bank OZK correctly notes that it was not a party to the

illegal-exaction lawsuit in 2020. Instead, it was directly ordered by the circuit court to return the taxpayers' funds only in the garnishment order, which is discussed above.

Bank OZK argues that it did not willfully disobey the garnishment order. Instead, it contends that by paying funds pursuant to the garnishment order, it would have been voluntarily paying the judgment and, thus, would have abandoned its appeal. The taxpayers further respond that because Bank OZK filed a motion to stay and an application for a supersedeas bond, any payment would not have been voluntary.

The voluntary payment of a judgment renders the payer's appeal moot. *Lytle v. Citizens Bank of Batesville*, 4 Ark. App. 294, 297, 630 S.W.2d 546, 547 (1982). In deciding whether a payment is voluntary or involuntary, "one of the most important factors to be considered is whether appellant was able to post a supersedeas bond at the time he satisfied the judgment." *Id.* at 297, 630 S.W.2d at 547. Other circumstances can render a payment involuntary as well, including a sheriff levying a writ of execution on the appellant's property or an appellee bank transferring funds out of the appellant's account. *See Hubbard v. HomeBank of Ark.*, 2011 Ark. App. 183, at 5–6, 382 S.W.3d 721, 724–25.

Considering *Lytle*, it was reasonable for Bank OZK to conclude that if it had paid funds pursuant to the garnishment order without applying to post a supersedeas bond, then it would have mooted the appeal because the payment would have been voluntary. The contempt order was entered the same day as the denial of the motion to approve the supersedeas bond. Given this timing, the question is whether the funds would have been voluntarily paid if Bank OZK had done so while the motion for approval of the supersedeas

10

bond was pending. Giving the language in *Lytle* a close reading, it would be reasonable to conclude that a payment would be voluntary if made in the time between the motion and the decision. *Lytle* says a payment is involuntary if the payer "was able to post a supersedeas bond" before payment. Although Bank OZK obviously had the resources to post the bond, it was not able to actually post the bond before the circuit court ruled on its motion.

Given the analysis above, we hold there was not substantial evidence to support a finding that Bank OZK willfully disobeyed the garnishment order. Paying the judgment without posting a supersedeas bond may have mooted the appeal. Accordingly, we reverse the contempt order.

Affirmed in part; reversed in part.

WOOD and BROWN, JJ., agree.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, and *Lance R. Miller*, for appellant.

*Matt Bishop* and *Wendy Howerton*, for separate appellee Paul Summers.